**RICHARD WOLF MEDICAL INSTRUMENTS CORP., a Delaware corporation; and Richard Wolf GmbH, a corporation of the Federal Republic of Germany, Plaintiffs,**

v.

**Jacques DORY and EDAP, S.A., an alien business entity of France, Defendants.**

**No. 87 C 1254.**

United States District Court, N.D. Illinois, E.D.

July 3, 1990.

See also 723 F.Supp. 37.

Seymour Rothstein, Bradley J. Hulbert, Allegretti, Newitt & McAndrews, Chicago, Ill., for plaintiffs.

A. Sidney Katz, Suzanne Hines, Welsh & Katz, Ltd., Chicago, Ill., for defendants.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Jacques Dory and EDAP, S.A., (referred to collectively as "EDAP"), and intervenor

Diasonics, Inc., have moved for modification of the Amended Protective Order entered in this matter on April 5, 1988. While the lawsuit to which EDAP was a party before this court thankfully settled in October 1989, the protective order is still in effect. EDAP also remains involved in a lawsuit against Diasonics in the federal court for the Northern District of California. EDAP wishes to produce discovery materials obtained from Richard Wolf Medical Instruments Corp. and Richard Wolf, GmbH, (referred to collectively as "Wolf") during the parties' dispute here to Diasonics in the California lawsuit. EDAP may not do this without violating the protective order; hence, EDAP and Diasonics's motion.

The court designated Magistrate Elaine E. Bucklo to hear and determine this motion pursuant to 28 U.S.C. § 636(b)(1)(A) (1982). The magistrate denied the motion on April 5, 1990. 130 F.R.D. 389. EDAP has moved for reconsideration under *id.*, which provides in pertinent part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." See also Rule 72(a), Fed.R.Civ.Pro. ("The district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order, and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.").

The court must deny EDAP's motion to reconsider. Despite whatever validity there is to EDAP's criticism of the magistrate's reasons for her decision, the statute and the rule direct this court's attention not to the reasons for the magistrate's decision, but to her final result: was she correct to deny the motion? Additionally, because Diasonics has not objected to the magistrate's order under Rule 72(a), and because EDAP has no standing to speak for Diasonics, this court's inquiry is even narrower: was the magistrate correct to deny that portion of the motion relating to EDAP? See *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir.1986) (failure to object to magistrate's decision under 28 U.S.C. § 636(b)(1) waives the right to appeal); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989) (same).

EDAP's motion ambiguously requests permission to "use and produce" the Wolf discovery materials to Diasonics. The court understands Diasonics's needs, but now that Diasonics has dropped from consideration, the court's focus should be only on EDAP's interest in using and producing the Wolf materials. EDAP argues that it needs to use Wolf documents and depositions which relate to litigation between EDAP and Wolf in the United Kingdom. In that lawsuit, one brought by Jacques Dory, the High Court of Justice ruled that certain Wolf devices did not infringe on some of EDAP's European Patents.[1] According to EDAP, Diasonics wants to use this decision to estop EDAP from relitigating certain factual issues; EDAP claims that it needs the Wolf discovery materials in order to block this attempt.

Wolf submits that EDAP does not need these materials to fight its battle in California. Wolf first argues that in order to estop EDAP from relitigating certain factual issues on the basis of the United Kingdom decision, Diasonics would have to show that it was a party to the case, which Diasonics was not. Wolf thus suggests that Diasonics's purported collateral estoppel defense is unworthy, and thus EDAP need not rebut it. Wolf ignores, however, *Blonder-Tongue v. University Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), which abandoned the long-standing requirement of mutuality in application of collateral estoppel. If federal law controlled the extent to which Diasonics could seek issue preclusion on the

---

**1.** The parties did not present the details of this litigation in their briefs on the pending motion. The court is aware of them, however, from briefs on a motion for summary judgment which was pending at the time the parties settled their dispute before this court.

basis of a United Kingdom judgment,[2] Diasonics clearly could assert collateral estoppel, without worrying about never appearing in the United Kingdom dispute.

Wolf's other argument is more persuasive. Wolf points out that the High Court of Justice took no evidence from Wolf in reaching its decision, and thus none of Wolf's information would aid EDAP in deflecting Diasonics's defense of collateral estoppel. EDAP suggests that the Wolf discovery materials would help it show that "critical evidence" was not before the High Court of Justice when it rendered its decision. EDAP has presented no authority for the proposition, however, that a party who loses a judgment can avoid the preclusive effect of that judgment by arguing that it could have put on a better case. The major purpose of issue preclusion under federal law is to induce parties—particularly plaintiffs—to put on their best case the first time 'round. See Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 18 Federal Practice and Procedure § 4464 (West 1981). EDAP will not be able to defeat Diasonics's defense by showing how it could have done better in the United Kingdom; this court will not aid this futile attempt by releasing Wolf's materials.

EDAP's motion for reconsideration is denied.

---

**2.** Wolf and EDAP assumed while arguing the merits of the motion for summary judgment mentioned in note 1 above that federal principles of issue preclusion determine the preclusive effect of foreign judgments. Some authorities suggest, however, that the rendering forum's law should determine what issues, if any, that forum's judgments preclude. See Restatement (Second) of Conflict of Laws § 98 comment f (Amer.L.Inst.1989 supp.); Robert C. Casad, Issue Preclusion and Foreign Country Judgments: Whose Law?, 70 Iowa L.Rev. 53, 70–76 (1984).