## VIDEO VIEWS, INC., Plaintiff-Appellee,

v.

## STUDIO 21, LTD. and Joseph Sclafani, Defendants-Appellants.

### No. 86–1039.

United States Court of Appeals, Seventh Circuit.

Argued June 2, 1986.

Decided Aug. 4, 1986.

Michael Null, Chicago, Ill., for defendants-appellants.

David A. Axelrod, Feiwell, Galper, Lasky & Berger, Ltd., Chicago, Ill., for plaintiff-appellee.

Before BAUER and EASTERBROOK, Circuit Judges, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

The defendants Studio 21, Ltd. and Joseph Sclafani ("Studio 21") appeal from an order of the district judge granting a preliminary injunction in favor of the plaintiff, Video Views, Inc., which prohibits the defendant from exhibiting certain motion pictures for which Video Views claims to have exclusive licensing rights. We dismiss the appeal.

In the proceedings below, the district judge referred Video Views' motion for a preliminary injunction to a magistrate pursuant to 28 U.S.C. § 636(b)(1). The magistrate issued a decision in which she rejected various arguments raised by Studio 21 and she recommended that a preliminary injunction be issued. In that decision, she noted that the parties had ten days within which to file objections to her decision with the district judge and that failure to file such objections "may constitute a waiver" of the right to appeal to this court.

Studio 21 moved for and was granted an extension of time in which to file its objections. On the day the objections were to be filed, Studio 21 again moved for an extension of time which the district judge denied. Noting that no proper objections to the magistrate's report had been filed, the district judge adopted her proposed findings and conclusions of law in their entirety.

On appeal, neither party raised the issue of whether Studio 21's failure to file with the district court objections to the magistrate's report constituted a waiver of its right to appeal. At oral argument, the court questioned the parties as to whether or not such a rule as was approved of by the Supreme Court in *Thomas v. Arn,* —— U.S. ——, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), should be adopted by this court and applied to the facts of this case. Neither party responded in detail. Studio 21's mo-

tion to file post-argument brief on this issue was granted, and both parties filed supplemental briefs. Studio 21 argued that while, in general, a waiver rule should be adopted, that rule should be given prospective effect only and not applied to this case.

At least five circuits have adopted a rule, pursuant to their supervisory powers, that failure to object to the magistrate's report, issued pursuant to 28 U.S.C. § 636(b)(1), constitutes a waiver of all legal and factual issues. *See Thomas,* —— U.S. at —— n. 4, 106 S.Ct. at 470 n. 4. Two others have adopted a waiver rule regarding only factual issues. *Id.* This circuit has yet to adopt such a rule, *Delgado v. Bowen,* 782 F.2d 79, 82 n. 2 (7th Cir.1986), although there have been indications that this court would approve of such a rule, *see, e.g., Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1245–48 (7th Cir.1985) (Flaum, J., concurring).

■■■ We now decide to adopt the rule that failure to file objections with the district judge waives the right to appeal all issues, both factual and legal, based on the reasons set forth by the other courts of appeal.* *See, e.g., United States v. Schronce,* 727 F.2d 91, 93–94 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981); *United States v. Lewis,* 621 F.2d 1382, 1386 (5th Cir.1980); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980). We decline, however, to adopt in this case the approach of the Sixth Circuit which gives only prospective effect to the rule. *See Walters,* 638 F.2d at 949–50. *See also Lorin Corp. v. Goto & Co.,* 700 F.2d 1202, 1205–07 (8th Cir.1983). We do so for several reasons. First, the issue has been adequately briefed on appeal. As a result, we are not required to decide the appropriateness of the application of this rule in a

---

* In so doing, we do not reach the issue of whether the same rule should apply when the case arises under 28 U.S.C. § 636(b)(2).

vacuum. Second, because the issue has been briefed, Studio 21 has had the opportunity to demonstrate that it had sufficient cause for failing to object, such that the waiver should not be applied. Third, the magistrate adequately informed the defendants that their failure to file objections might constitute a waiver, *see, e.g., Carr v. Hutto,* 737 F.2d 433, 434 n. 2 (4th Cir.1984); *cf. Lorin Corp.,* 700 F.2d at 1205–07. The defendants were aware of the need to file objections as they twice filed for an extension of time in which to file objections. Moreover, the waiver rule was clearly foreshadowed by precedent in other circuits. *See, e.g., Walters,* 638 F.2d at 950; *Park Motor Mart, Inc.,* 616 F.2d at 605, and it was arguably foreshadowed by precedent in this circuit. *See Delgado,* 782 F.2d at 82 n. 2; *Hudson,* 758 F.2d at 1245–48 (Flaum, J., concurring). Thus we find that it is appropriate to give retrospective application to this new rule under the facts of the case at bar. In so doing, we do not reach the issue of whether retrospective application would be appropriate under the test enunciated in *Chevron Oil Co. v. Hudson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), had the defendants not been forewarned of the consequences of their failure to file objections to the magistrate's report.

Although we find that the rule may be applied retrospectively, we also recognize that under certain circumstances the failure to file objections may be excused because the rule is not jurisdictional and should not be employed to defeat the "ends of justice," *Walters,* 638 F.2d at 949–50. *See Thomas,* ——— U.S. at ———, 106 S.Ct. at 470. The defendants have offered no reason why their failure to file objections should be excused, and we have searched the record in vain for any indication that the defendants had sufficient cause for failing to file objections. We therefore believe that the rule is appropriately applied in this case and we dismiss the appeal.