**Leo P. PORTNOY, Plaintiff,**

v.

**WHEREHOUSE ENTERTAINMENT COMPANY, and Kenneth F. Leonard, Defendants.**

**No. 87 C 6678.**

United States District Court, N.D. Illinois, E.D.

May 11, 1988.

Jerrold M. Shapiro, Chicago, Ill., for plaintiff.

Stephen R. Sugrue, Lowenthal, Landau, Fischer & Zeigler, New York City, Marc C. Smith, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff objects to the February 2, 1988 order of Magistrate Rosemond assessing attorneys' fees and costs against plaintiff and his counsel. For the reasons stated herein, this court adopts the magistrate's order *in toto*.

The standard for imposing sanctions under Rule 11 is an objective determination of whether the party or attorney made a reasonable inquiry into the facts and law. *Brown v. Federation of State Medical Bds. of the United States*, 830 F.2d 1429, 1435 (7th Cir.1987). As the magistrate's order clearly establishes, plaintiff and his counsel failed to undertake appropriate discovery prior to filing this lawsuit. A phone call to the Midwest Stock Exchange could have determined within two to three weeks whether Wherehouse Entertainment Company ("WEC") stock was traded on the date in question. However, plaintiff failed to make such an inquiry. In addition, plaintiff was well aware that reasonable inquiry was necessary before filing a complaint. In a similar case before Judge Shadur, *Shapiro v. TSO Financial Corp.*, No. 86 C 7609 (N.D.Ill. October 10, 1986) [available on WESTLAW, 1986 WL 11617], plaintiff was warned that he had the obligation to investigate before filing suit in the Northern District of Illinois. Plaintiff has ignored the clear directive of Judge Shadur to investigate his claims before filing suits

against corporations in this district and must bear the Rule 11 penalty.

Plaintiff contends, however, that sanctions cannot be imposed because the language of his Rule 41(a)(1)(i) notice of voluntary dismissal states that each party is to bear its own costs and attorney's fees. Plaintiff asserts that since his voluntary dismissal effectively terminated the litigation and defendants failed to file a timely motion under Rule 59(e) to alter or amend the notice of dismissal, its terms are binding on defendants. This court is unable to agree.

■■■ While Rule 41(a)(1)(i) allows a plaintiff without leave of court to voluntarily dismiss his action with prejudice before an answer or opposing motion for summary judgment is filed, it does not empower a plaintiff to fix the terms of the dismissal. In the context of a defendant's motion for Rule 11 sanctions, "dismissal under Rule 41(a)(1)(i) is significant to the extent it stops the running of attorneys' fees." *Szabo Foods Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1079 (7th Cir.1987). A plaintiff who initiates a civil action in violation of Rule 11 and quickly dismisses it does not insulate himself from sanctions; he merely limits the costs which may be imposed for violating the rule. *Id.*

■ In the present case, plaintiff's notice of dismissal operated only to end his suit against defendants and prevent further accumulation of taxable fees and costs under Rule 11. The notice's language concerning attorneys' fees and costs is ineffectual. As such, defendants had no obligation to move for alteration of the notice of dismissal to preserve their right to seek sanctions. A Rule 11 motion for sanctions following a Rule 41(a)(1)(i) dismissal is timely if it complies with the local rules for filing bills of costs and requests for attorneys' fees. *See* Local Rules 45(a) and 46. As no contention exists that defendants' motion fails to comply with these rules, plaintiff's argument is without merit.

In light of the foregoing, this court adopts Magistrate Rosemond's February 2, 1988 order *in toto* and awards defendants' attorneys' fees in the amount of $5,589.50 and costs in the amount of $379.51. The Rule 11 award shall be borne by plaintiff and his attorney equally.

# ORDER

W. THOMAS ROSEMOND, Jr.,
United States Magistrate.

Defendant, Wherehouse Entertainment Company, seeks entry of an order assessing attorneys' fees and costs, as sanctions, against the plaintiff, Leo P. Portnoy, and his counsel. The motion is granted.

On July 29, 1987 the plaintiff, Leo P. Portnoy, as a stockholder of the Wherehouse Entertainment Company, filed a complaint in the name of and on behalf of the corporation against the defendants, Wherehouse Entertainment Company and Kenneth F. Leonard, alleging violations of Sections 16(b) and 27 of the Securities Exchange Act of 1934. The complaint charges that Leonard, as an "insider" of Wherehouse, made illegal short-swing profits on certain trading transactions. On behalf of Wherehouse, the complaint sought entry of an order compelling an accounting from Leonard and directing him to return his alleged illicit profits to the corporation.

On September 16, 1987 defendant Wherehouse filed a motion to dismiss the complaint on the grounds of lack of jurisdiction and improper venue. In its motion to dismiss, Wherehouse stated that it was a Delaware corporation with its exclusive place of business in California, and that it was not qualified to do business in Illinois, nor did it transact business in Illinois. The motion also sought an award of attorneys' fees and costs as Rule 11 sanctions.

On the same day that Wherehouse filed its motion to dismiss, the district court entered the following minute order:

Plaintiff to file answer to motion to dismiss and cross motion for Rule 11 sanctions by September 30, 1987. Defendants to file reply and answer by October 14, 1987, and plaintiff to reply by October 28, 1987. Status hearing set for September 23, 1987 is stricken.

In lieu of an answer to the motion to dismiss, Portnoy filed a *Notice of Dismissal Of Action* whereby he voluntarily dismissed his lawsuit "pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure *with prejudice,* each party to bear his or its own costs and attorneys' fees." On October 9, 1987 the district court entered a minute order dismissing the case with prejudice and without costs.

On November 12, 1987, by minute order, the district court referred the parties' cross motions for sanctions to the magistrate for resolution.

■ Before focusing on Wherehouse's motion for sanctions, we turn instead to *Plaintiff's Responsive Cross–Motion For Sanctions In Opposition To Wherehouse Entertainment Company's ("WBC") Motion For Sanctions.*[1] Suffice it to say, that in his cross-motion for sanctions, Portnoy contends that by filing its motion to dismiss after Portnoy had filed his Notice of Dismissal, Wherehouse has intentionally engaged in vexatious, oppressive, and bad-faith conduct. Portnoy maintains that his filing of a Notice of Dismissal rendered Wherehouse's motion moot. Portnoy's contentions are without merit.

In the 7th circuit, a voluntary dismissal under Rule 41(a)(1)(i) is significant only "to the extent it stops the running of attorneys' fees."[2] An award under Rule 11 is a sanction for violating a rule of court.[3] The obligation to answer for one's act accompanies the act, and a plaintiff cannot absolve himself of responsibility by voluntarily dismissing his lawsuit.[4]

Portnoy's response to Wherehouse's motion for sanctions and his cross-motion for sanctions are grounded on a legal theory which a minimum of investigative research would have revealed was wholly without merit. Accordingly, Wherehouse is entitled to attorneys' fees and costs as Rule 11 sanctions for having to file responses to Portnoy's meritless briefs.

*Portnoy's complaint.* Wherehouse maintains that by filing the present action Portnoy has ignored the clear directive of Judge Shadur of this Court to investigate his claims before filing suit against corporations in the Northern District of Illinois. We agree.

In *Shapiro v. TSO Financial Corporation,* Case No. 86 C 7609 (N.D.Ill. October 10, 1986), *supra,* Portnoy's present counsel filed a *pro se* complaint to recover from TSO Financial Corporation the legal fees incurred by Portnoy for having prompted TSO to recover short-swing profits realized by one of its officers. The complaint was dismissed by Judge Shadur, *sua sponte,* and with prejudice.

In dismissing the complaint, Judge Shadur noted the following:

Both Shapiro and Portnoy have established a cottage industry in the short-swing profit field: Both this Court and its colleagues are regularly delivered complaints either by Portnoy to compel listed companies to pursue their 1934 Act § 16(b) remedies, or by Shapiro acting to recover lawyer's fees for his services to Portnoy (as in this case). This observation is not made in pejorative terms, but rather to explain that the solicitude that ordinarily attaches to *pro se* pleadings ... is entirely inappropriate here, both because Shapiro is a lawyer acting for himself and because of his familiarity with this specific area of the law.[5]

Against the above backdrop, Judge Shadur examined with great scrutiny the jurisdiction—venue allegations set forth in paragraph 2 of the complaint against TSO. Since Judge Shadur's observations concerning paragraph 2 of the TSO complaint are applicable to paragraph 4 of the Wherehouse complaint, we compare paragraphs 2

---

1. Received by the Clerk of the Court on November 12, 1987.

2. *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1079 (7th Cir.1987).

3. *Id.*

4. *Ibid.*

5. *Shapiro,* Case No. 86 C 7609, *Memorandum Opinion and Order,* at 1.

and 4 before reciting Judge Shadur's comments:

| TSO Complaint<br>Paragraph 2 | Wherehouse Complaint<br>Paragraph 4 |
|---|---|
| It is not known at this time whether "TSO" is doing business in this judicial district, but some of the shares transacted as alleged herein, or aspects of these alleged transactions may have possibly involved residents, or principals, or agents located in this judicial district. | It is not yet known whether "WE" is doing business in this judicial district, but some of the shares transacted as alleged herein, or aspects of these alleged transactions may have involved residents, or principals or agents located in this judicial district, or the Midwest Stock Exchange as an intermediary. |

Portnoy's allegation regarding "the Midwest Stock Exchange as an intermediary" parallels somewhat Shapiro's allegation in paragraph 2 that "Defendant TSO Financial Corporation ("TSO"), is a corporation incorporated under the laws of Delaware, whose common stock is traded in the over-the-counter market in this judicial district through such Chicago market-makers as Merrill Lynch, Pierce, Fenner & Smith, Inc."

Judge Shadur noted that although the jurisdiction—venue provisions of § 27 of the Securities Exchange Act of 1934 [6] "may be expansive, they do not sweep up the universe." [7] Judge Shadur observed that under § 27 of the 1934 Act, actions such as the one filed by Shapiro in the *TSO Financial Corporation* action "may be brought in the district 'wherein any act or transaction constituting the violation occurred' (plainly not applicable [to Shapiro's case]) or 'wherein the defendant is found or is an inhabitant or transacts business' (which Shapiro d[id] not assert as a factual matter)." [8]

Finding the jurisdiction—venue allegations of paragraph 2 to be legally insufficient, Judge Shadur stated that under Rule 11, Shapiro had the obligation to investigate, before filing suit, the propriety of suing TSO in the Northern District of Illi-

6. 15 U.S.C. § 78aa.

7. *Shapiro,* Case No. 86 C 7609, *Memorandum Opinion and Order,* at 2.

8. *Id.*

9. *Ibid.*

nois. Judge Shadur commented that Shapiro's duty of due diligence and industriousness was at least as great as those he and his client, Portnoy, evidenced "in reviewing Form 4 filings with the SEC (the source material for their cottage industry)." [9] Concluding, Judge Shadur ruled that Rule 11 did not permit the kind of guesswork reflected by paragraph 2 of the complaint. The Judge admonished Shapiro and Portnoy, stating that jurisdiction and venue under the 1934 Act are not to be misused as a vehicle for satisfying Shapiro's office convenience willy-nilly.

The words of Judge Shadur are applicable to paragraph 4 of the Wherehouse complaint, which is virtually verbatim to paragraph 2 of the TSO complaint. As Wherehouse contends, Portnoy and his counsel have ignored warnings of this Court, and have again failed to undertake appropriate investigative discovery prior to filing a lawsuit. In addition, as noted at the outset, Portnoy and his counsel have compounded their culpability under Rule 11 by their cross-motion for sanctions.

Accordingly, it is adjudged, decreed and ordered that,

1. The defendant, Wherehouse Entertainment Company's, motion for sanctions is granted.

2. The plaintiff, Leo P. Portnoy's, cross-motion for sanctions is denied.

3. The Rule 11 sanction shall be in the form of attorneys' fees and costs, and shall encompass all of Wherehouse's legal fees and costs incurred in connection with the defense of this case, including the motion to dismiss, the motion for sanctions and all briefs relating thereto, and the preparation of the attorneys' fees and costs schedule.

4. The Rule 11 award of attorneys' fees and costs shall be borne by Portnoy and his attorney equally. [10]

10. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties are given 10 days following the entry on the docket of the Order to file exceptions thereto with the Honorable Nicholas J. Bua. Failure to file objections within the specified time period waives the right to appeal the magistrate's order. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir.1986).

So Ordered.