946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis BOURGEOIS, Plaintiff/Appellant,
v.
Harold G. MILLER, et al., Defendants/Appellees.
 No. 90-2112.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 17, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Louis Bourgeois sued various correctional officers of the federal penitentiary in Marion, Illinois alleging that he was beaten and denied medical attention in violation of his civil rights. Bourgeois included as defendants in the suit Warden Harold Miller and a number of unnamed prison guards. The district court granted summary judgment in favor of Miller and concurrently dismissed with prejudice the claims against the unnamed prison guards. Because Bourgeois has waived the only argument he raises on appeal for reversing the district court, we affirm.
 
 
 2
 On November 14, 1985 Louis Bourgeois filed a pro se civil rights complaint naming Warden Harold Miller, Warden Jerry Williford, Officer David Hale, and other "John Doe" officers as defendants. On February 5, 1988, after the court appointed present counsel, Bourgeois amended his complaint. In response, Miller moved for summary judgment in favor of himself, Williford, and the John Doe officers.
 
 
 3
 The district judge referred Miller's motion to a magistrate judge pursuant to 28 U.S.C. § 636(b). The magistrate judge issued a report in which he recommended that summary judgment be granted in favor of Miller, that the claims against Williford be dismissed, and that the John Doe officers be dismissed as defendants. After submitting his report and recommendation, the magistrate judge notified the parties that under 28 U.S.C. § 636(b) their failure to object to the report and recommendation within ten days would waive their right to appeal the decisions therein.
 
 
 4
 Bourgeois filed a timely objection. In that objection Bourgeois contested the magistrate judge's reasoning with respect to his recommendation of summary judgment in favor of Miller. He raised no other issues. The district court made a de novo review of the report and recommendation and adopted its conclusion in favor of Miller. The court also accepted the dismissal of the claims against Williford. Finally, the court adopted the John Does' dismissal relying in part on the plaintiff's failure to object to the magistrate's recommendation that the John Doe officers be dismissed.
 
 
 5
 The court entered a final order, and Bourgeois moved to amend his complaint again; this time he moved to join as defendants the John Doe officers whom he identified by name. The court, citing its order to dismiss the John Doe officers with prejudice, denied this motion. Bourgeois appeals the court's denial of his motion to amend his complaint.
 
 
 6
 Bourgeois's brief raises one issue: Whether the trial court abused its discretion by dismissing with prejudice the John Doe officers? Whether we even can address this issue, however, turns on whether Bourgeois's failure to object to the magistrate's recommendation to dismiss the John Doe officers waived his right to raise this objection on appeal.
 
 
 7
 In Thomas v. Arn, 474 U.S. 140 (1985), the United States Supreme Court ruled that a court of appeals may "establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment." Id. at 142. Accordingly, this court adopted that very rule in Video Views, Inc v. Studio 21, Ltd, 797 F.2d 538, 539 (7th Cir.1986).
 
 
 8
 Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir.1988), applied the rule of Thomas and Video Views to a slightly different situation. In Lockert, Lockert (the appellant) filed timely objections to the magistrate judge's report; on appeal, however, Lockert raised an entirely different argument from that contained in the objections to the magistrate. Id. at 1017. We held that "the waiver rule that the Supreme Court approved in Thomas and that we adopted in Video Views bars an appellant from raising issues on appeal that he did not raise in his objections in the district court." Id. at 1018.
 
 
 9
 In this case, the magistrate judge's report recommended, among other things, that the John Doe officers be dismissed. Furthermore, the magistrate judge, citing Video Views, notified Bourgeois that he must object to this ruling or waive the right to future appeal of this issue. Bourgeois filed proper objections to the magistrate judge's report, but he limited his objections to "[t]he simple question ... whether Defendant Miller ... bears personal responsibility under 42 U.S.C. § 1983 for Plaintiff's injuries." (Pl.'s Objections to Mag.'s Rep. and Rec. at 2). Bourgeois offered no objection to the magistrate judge's recommendation to dismiss the John Doe officers. In fact, the district court's order cited his failure to object as part of its reason for dismissing the John Doe officers with prejudice.
 
 
 10
 Bourgeois's reply brief argues that he did object properly to the John Doe officers' dismissal. Bourgeois's objections to the magistrate's report concluded by stating "[f]or the foregoing reasons, Plaintiff respectfully request this Court reject the recommendation of the magistrate and accordingly deny defendant Miller's Motion for Summary Judgment." (Pl.'s Objections to Mag.'s Rep. and Rec. at 5) This boilerplate summary, Bourgeois argues, should suffice to preserve his objection for appeal.
 
 
 11
 To begin with, Bourgeois makes this claim too late. Circuit Rule 28(f) states clearly that "[a] reply brief shall be limited to matter in reply." We have stated before that "our cases on this point consistently declare that arguments withheld until the reply brief ordinarily will not be considered." Egert v. Connecticut Gen. Life Ins. Co., 900 F.2d 1032, 1035 (7th Cir.1990). At any rate, Lockert addresses and defeats Bourgeois's argument: "Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." Lockert 843 F.2d at 1019. Because Bourgeois failed to raise his current arguments before the district court, and because he failed to make any other argument for reversal his case is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs