966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Solomon FRIEDMAN, Plaintiff-Appellant,
v.
PREMIER CRUISE LINES, Defendant-Appellee.
 No. 91-3174.
 United States Court of Appeals, Seventh Circuit.
 Argued April 30, 1992.
Decided June 19, 1992.
 
 Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff, formerly a passenger on a cruise, appeals from a grant of summary judgment in favor of the defendant cruise line. The passenger brought a diversity suit based on a personal injury allegedly suffered during the cruise. The district court referred the case to a magistrate, who applied federal admiralty law. The magistrate recommended that the district court grant the defendant summary judgment on the ground that the suit was barred by the applicable statute of limitations under 46 U.S.C. § 183b(a) and the plaintiff's ticket. The plaintiff filed suit almost two years after the injury, despite the one-year limitation noted on the ticket. The district court accepted the magistrate's recommendation. Because the appellant failed to preserve his objections by properly objecting to the magistrate's conclusions, we dismiss one of the appellant's arguments. On his remaining argument, we affirm.
 
 
 2
 The plaintiff first argues that the defendant should be equitably estopped from relying on the statute of limitations because a claims adjuster employed by the defendant's insurance company wrongly advised the plaintiff's attorney that the applicable statute of limitations was two years, instead of one. See, e.g., Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318 (11th Cir.1989). The magistrate held that "an attorney cannot rely on an insurance adjuster regarding matters such as the applicability of a particular statute of limitations governing a claim...." R. 30 at 3. The district court accepted the magistrate's recommendation and granted the defendant's motion for summary judgment. Because the plaintiff never objected to the magistrate's conclusion on this point before the district court, see R. 34, the defendant argues that the plaintiff has waived this argument. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986) (when appellant failed to file any objections to magistrate's report, the "failure to file objections with the district judge waives the right to appeal all issues, both factual and legal"); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir.1988) (extending Video Views to waive specific arguments omitted from appellant's objections to magistrate's report). The plaintiff does not aruge that he objected to this holding, but contends that, in the interests of justice, we should exercise our discretion to hear his argument. See Video Views, 797 F.2d at 540. We see no reason to do so.
 
 
 3
 The plaintiff also argues that the defendant's liability limitation clause should not be enforceable because the ticket did not reasonably warn the plaintiff of the limitation. The magistrate held that the language on the cover of the ticket explicitly called attention to the terms of the contract, their importance, and their binding effect. Moreover, that language specifically directed the reader's attention to Article 13, which contains readable and highlighted language regarding the statute of limitations. R. 30 at 4-9. The district court accepted these conclusions. On appeal, the plaintiff argues that the ticket did not reasonably communicate the facts surrounding the limitations period largely because it was torn and perforated. The plaintiff never adduced any such facts before the magistrate; the plaintiff argued only that the ticket was glued. See R. 17; R. 18. Thus, we review the magistrate's conclusion without considering any performation or tear in the ticket. On this point, the plaintiff argues only that the ticket's warnings were incoherent, and that "its appearance did not give credence to its importance." Appellant's Br. at 9. Because the appellant does not offer any specific facts to support this argument, we will simply append the magistrate's report, which discusses the language of the ticket in some detail.[1] Thus, we AFFIRM the district court's grant of summary judgment in favor of the defendant.
 
 APPENDIX
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 4
 Solomon Friedman, Plaintiff,
 
 
 5
 v.
 
 
 6
 Premier Cruise Line, Inc., Defendant.
 
 Case No. 90 C 7453
 REPORT AND RECOMMENDATION
 
 7
 Plaintiff Solomon Friedman ("Mr. Friedman"), a resident of Illinois, brought a diversity suit under 28 U.S.C. § 1332 against defendant Premier Cruise Line, Inc. ("Premier"), a corporation of another state, alleged to be doing business in Illinois, seeking recovery for damages allegedly sustained by him while he was a passenger on defendant's vessel, the M/S Atlantic, during a cruise of the Caribbean Sea. While preserving its challenge that this court lacks personal jurisdiction over it, Premier moved for summary judgment under Fed.R.Civ.P. 56.
 
 
 8
 In support of its motion, Premier contends that the undisputed material facts establish that Mr. Friedman's suit was not filed within one year of the alleged date of incident, as required by 46 U.S.C. § 183b(a), in that the alleged injury occurred on February 2, 1989, but the action was not commenced until December 24, 1990. Mr. Friedman rejoined by submitting an affidavit from his first attorney, Robert A. Langendorf, setting forth statements allegedly made by A.V. Reyes, a senior claims adjuster with whom Mr. Langendorf had been negotiating, to the effect that he need not worry about the statute of limitations governing Mr. Friedman's claim, which it was contended constituted a waiver by Premier of the period of limitation.
 
 Availability Of Summary Judgment
 
 9
 Rule 56, Fed.R.Civ.P. governs the availability of summary judgment. By its terms, a party is entitled to summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 10
 In reviewing the record, all reasonable inferences are to be drawn in the light most favorable to the nonmoving party. Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir.1991). However, if sufficient evidence that is significantly probative of the elements of a claim does not exist to support a jury verdict in favor of the nonmoving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).
 
 
 11
 1. Admissibility Of Mr. Langendorf's Affidavit
 
 
 12
 The threshold issue to be determined in this dispute is whether or not Mr. Langendorf's affidavit may properly be admitted into the record. Rule 801(d)(2)(D), Fed.R.Evid. authorizes as an exception to hearsay rule admission of statements made by agents within the scope of their employment. See, e.g., Hybert v. Hearst Corp., 900 F.2d 1050 (7th Cir.1990). The relevant inquiry is whether the agent was authorized to act for his principal concerning the matter about which he allegedly spoke, with the proffering party bearing the burden of making such a showing. Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1565-66 (11th Cir.1991).
 
 
 13
 There is no dispute that Reyes was an agent of Premier in his capacity as senior claims adjuster for Southern Marine Claims Service, Premier's liability carrier. Rather, Premier argues that Reyes' statements are not properly considered party admissions within the scope of Fed.R.Evid. 801(d)(2)(D) as he lacked authority to waive the statute of limitations.
 
 
 14
 A strict agency analysis is not contemplated, however, by the terms of Fed.R.Evid. 801(d)(2)(D). Wilkinson v. Carnival Cruise Lines, Inc., supra, 920 F.2d 1560, 1565:
 
 
 15
 We recognize, as suggested in the Notes of the Advisory Committee, that Rule 801(d)(2)(D) broadened the traditional view so that it is no longer necessary to show that an employee or agency declarant possesses "speaking authority," tested by the usual standards of agency law, before a statement can be admitted against the principal. But it is necessary, in order to support admissibility, that the content of the declarant's statement concerned a matter within the scope of his agency.
 
 
 16
 (Citations omitted); see also, J. Weinstein & M. Berger, Weinstein's Evidence 801-221--801-224:
 
 
 17
 Once agency, and the making of the statement while the relationship continues are established, the statement is exempt from the hearsay rule so long as it relates to a matter within the scope of agency. "[T]he authority to do an act would conclusively imply authority to speak narratively about the act, if the utterance was made before the termination of the agency."
 
 
 18
 (Citations omitted). Under this test, Mr. Langendorf's affidavit may properly be admitted into evidence as his alleged statements concerned the negotiation of Mr. Friedman's claim.
 
 2. Waiver of Statute of Limitations
 
 19
 Although admissible, this evidence is insufficient as a matter of law to create a dispute as to any material fact. To invoke the doctrine of equitable estoppel to preclude assertion of a statute of limitations defense, one must show inequitable conduct, and that this caused delay in filing suit until after the period of limitation had lapsed. Williams v. Royal Caribbean Cruise Line, Inc., 1991 A.M.C. 237 (D.N.J.1990); Keefe v. Bahama Cruise Line, Inc., 715 F.Supp. 1069 (M.D.Fla.1989). However, an attorney cannot rely on an insurance adjuster regarding matters such as the applicability of a particular statute of limitations governing a claim and, in light of an attorney's duty to his or her client, suit should be filed to preserve compliance with the statute of limitations. Michelotti v. Home Lines Cruises, 1986 A.M.C. 480 (D.N.J.1985). Compare, McQuillan v. "Italia" Societa Per Azione di Navigazione, 386 F.Supp. 462 (S.D.N.Y.1974) (insurance adjuster for cruise line is under no obligation to remind plaintiff of statute of limitations).
 
 
 20
 Thus, although the affidavit of Mr. Langendorf may properly be considered part of the record in this dispute, it does not establish a waiver of Premier's right to assert a statute of limitations defense to this action. I find, as a matter of law, that Mr. Langendorf could not have reasonably relied on such statements.
 
 
 21
 Enforceability Of Premier's Liability Limitation Clause
 
 
 22
 Whether or not Premier is entitled to summary judgment thus turns on the enforceability of the provision found in Mr. Friedman's ticket. 46 U.S.C. § 183b(a) allows owners of sea-going vessels transporting passengers between ports of the United States and foreign ports to contract for a six-month notice provision regarding losses sustained on such trips, and a one-year statute of limitations.[1] Cases arising under this section are governed by federal admirality law. Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1358 (11th Cir.1990); Hodes v. S.N.C. Achille Lauro Ed Altri-Gestione, 858 F.2d 905, 909 (3d Cir.1988).
 
 
 23
 Such provisions are enforceable if they reasonably warn passengers of the liability limitation. O'Connell v. Norwegian Caribbean, 639 F.Supp. 846, 848 (N.D.Ill.1986); Nash v. Kloster Cruise A/S, 901 F.2d 1565 (11th Cir.1990); Spartaro v. Kloster Lines, Ltd., 894 F.2d 44, 45-46 (2d Cir.1990); Muratore v. M/S Scotia Prince, 845 F.2d 347, 350-51 (1st Cir.1988); Marek v. Marpan Two, Inc., 817 F.2d 242, 246 (3d Cir.1987). They must contain conspicuous language, apprise passengers that the contractual period of limitation exists, and inform passengers of the importance of those provisions. O'Connell v. Norwegian Caribbean Lines, Inc., supra, 639 F.Supp. at 848.
 
 
 24
 The determination of whether or not such a clause is enforceable involves a question of law. Id. at 848. The burden of proof is on the carrier to demonstrate that it has done all it reasonably could do to communicate the importance of the ticket conditions to its passengers. Id.; Barbachym v. Costa Line, Inc., 713 F.2d 216, 219 (6th Cir.1983); Silvestri v. Italia Societa Per Azioni Di Navigazione, 388 F.2d 11, 17 (2d Cir.1968).
 
 
 25
 As other courts have observed, these determinations involve two separate analyses: the adequacy of the warning language, which to be enforceable must usually be on the first page of the ticket, and contain references to specific paragraphs for the passenger to consult; and, the ticket terms, which focuses on the location of the terms within the ticket, the size of the typeface, and the implicity of language used to convey the period of limitation to the passenger. Marek v. Marpan Two, Inc., supra, 817 F.2d at 245.
 
 
 26
 As described in the affidavit of Harry D. Raymond, Premier's Director of Marine Operations, undisputed on this motion, the ticket issued to Mr. Friedman is a seven-page document. Page four is the first page of the ticket booklet issued to the passenger.[2] It is also the first page of the contract of carriage between Premier and the passenger. The passage contract consists of 27 articles, which starts on the reverse of page four and continues through the front and back of page seven.
 
 
 27
 The face of the Premier ticket booklet contains the following:
 
 
 28
 IMPORTANT: This ticket is the contract of passage between the carrier and the passenger (whether or not signed by the passenger) and all of the terms and provisions on both sides hereof, including all that is printed herein, are a part of said contract to which by accepting this ticket the passenger and/or purchaser agrees on his own behalf and also on behalf of any other person or persons for whom this ticket is purchased as his, her or their agent. This contract supersedes all representations, promises and agreements whatsoever made or claimed to have been made with the passenger or anyone representing him. The passenger's attention is particularly drawn to the exemptions and limitations on the carrier's liability (including section 46, 12, 13, 16, 20 and 26).
 
 
 29
 The overleaf of page four states in bold black print that: "Passengers are advised to read the terms and conditions of the Passenger Contract Ticket set forth below."
 
 
 30
 Page six is entitled "Passenger Copy."[3] This page is retained by the passenger. The following is written on the face of this page in capital letters in black ink:
 
 
 31
 Terms and conditions of contract (thereunder following language) notice: Important that passengers read this agreement. The attention of passengers is especially directed to the terms and conditions of this contract appearing within and it is mutually agreed that this contract ticket is issued by Premier Cruise Lines and accepted by the passenger subject to such terms and conditions.
 
 
 32
 Below the above-quoted wording, in the lower left corner, printed in red ink, are the following words: "The provisions on the ticket binder attached are incorporated as though fully rewritten."
 
 
 33
 Page seven contains the remainder of the contract of carriage. Writing is contained on both the front and the reverse of this page. Article 13, which contains the provisions regarding notice and filing of suit, is contained on the face page of page seven. It is written in bold black print over a gray background which sets off the print in the Article from that on the rest of the page, printed in 1/16th of an inch type, and reads as follows:
 
 
 34
 No suit shall be maintained against the carrier for delay, detention, personal injury, illness or death of passenger unless written notice of the claim with full particulars be delivered to the carrier or its agent at its office at the port of sailing or at the port of termination within six (6) months from the day when such delay, detention, personal injury, illness or death of the passenger occurred; and in no event shall any suit for any cause against the carrier with respect to delay, detention, personal injury, illness or death be maintainable, unless suit shall be commenced within one (1) year from the day when the delay, detention, personal injury, illness or death of the passenger occurred, notwithstanding any provision of law of any state or country to the contrary.
 
 
 35
 Here, unlike the ticket involved in O'Connell v. Norwegian Caribbean Lines, Inc., supra, 639 F.Supp. at 852, language on the cover of the ticket explicitly calls attention to the terms and conditions of the contract, their importance, and that passengers are bound by them. In addition, it specifically directs their attention to Article 13, the provision requiring that notice of claims be filed within six months from the date of occurrence, and that suit must be filed within one year from the date of occurrence. Article 13 is readable, in bold print, and offset by a gray background to highlight it from the other Articles.[4] As such, the ticket reasonably communicates the existence and importance of the conditions to passengers as a matter of law, is enforceable, and operates to bar Mr. Friedman's claim.
 
 
 36
 In Mr. Langendorf's affidavit, he avers that he did not request a copy of Mr. Friedman's ticket from him in reliance on Mr. Reyes' statement as to the statute of limitations. It is irrelevant that Mr. Langendorf failed to read the ticket. Nash v. Kloster Cruise A/S, supra, 901 F.2d 1568 (passenger can be reasonably expected to consult ticket when accident occurs); Marek v. Marpan Two, Inc., supra, 817 F.2d at 247 (passenger who fails to read ticket assumes risk); Barkin v. Norwegian Caribbean Lines, 1988 A.M.C. 645, 650 (D.C.Mass.1987) (attorney knew or should have known importance of reading ticket and defendant should not bear burden for counsel's failure to request ticket or read limitations).
 
 
 37
 I recommend that Premier's motion for summary judgment be granted.
 
 
 38
 /s/ Elaine E. Bucklo
 
 ELAINE E. BUCKLO
 United States Magistrate Judge
 
 39
 Dated: July 26, 1991.
 
 
 40
 Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable James H. Alesia within ten (10) days after service of this Report and Recommendation. See Fed.R.Civ.P. 72(b). Failure to object will constitute a waiver of objections on appeal.
 
 Copies have been mailed to:
 ERNEST THOMAS ROSSIELLO
 Ernest T. Rossiello & Associates
 180 North LaSalle Street
 Suite 420
 Chicago, IL 60601
 Attorney for Plaintiff
 RICHARD ALAN FORSTER
 MICHAEL A. SNYDER
 Michael A. Snyder
 
 41
 & Associates, Ltd.
 
 850 West Jackson Boulevard
 Suite 310
 Chicago, IL 60607-3011
 Attorneys for Defendant
 
 
 [1]
 As noted above, we do not reach the plaintiff's equitable estoppel argument, although the magistrate did reach it in his report
 
 
 [1]
 46 U.S.C. § 183b(a) provides as follows:
 It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.
 
 
 [2]
 Page 1, entitled "Accounting Copy," is pulled from the ticket booklet and retained by Premier's Accounting department prior to issuance to the passenger's travel agent. Page two is entitled "Agents Copy." Upon the passenger's payment of full fair, this page along with the rest of the ticket is sent to the passenger's travel agent. This page is provided for the travel agent's use and is normally pulled from the ticket booklet before issuance to the passenger. Page three is entitled "Group Copy." This page is provided for the use of a tour operator when group passage is booked for a particular cruise. This page is usually pulled from the ticket booklet prior to issuance to the individual passenger
 
 
 [3]
 Page five is entitled "Embarkation Copy." It is removed from the ticket during the passenger's check-in
 
 
 [4]
 See O'Connell v. Norwegian Caribbean Lines, Inc., supra, 639 F.Supp. at 850:
 "Conspicuousness ... is not to be judged solely by talismanic use of red ink, bold print, and capital letters, but rather by the relationship of the warning to the color, size, and type of the print surrounding it."