979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony WILLIS, Plaintiff/Appellant,
v.
James THIERET, Warden, et al. Defendants/Appellees.
 No. 88-2569.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 19, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Willis, a prison inmate, brought suit under 42 U.S.C. § 1983, alleging that defendants had violated his constitutional right to possess and wear a jacket with religious symbols.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court assigned the case to a magistrate judge, who issued a Report and Recommendation in favor of granting defendants' motion for summary judgment. Noting that Mr. Willis had failed to file a timely objection to the magistrate judge's report, the district court adopted the magistrate judge's recommendation and granted summary judgment for the defendants. Mr. Willis now appeals. We affirm.
 
 
 2
 On December 17, 1986, defendant-appellee Sgt. R. Glasford issued an Inmate Disciplinary Report to Mr. Willis, charging him with participation in gang activity. This participation consisted of wearing a jacket with two six-pointed stars, an insignia associated with the Disciples street gang, of which Mr. Willis at one time admitted being a member. Following a hearing before the prison Adjustment Committee, where it was established that the star on Mr. Willis's jacket is an insignia of the Disciples, Mr. Willis was found guilty of participation in gang activity, and the jacket was confiscated.
 
 
 3
 Mr. Willis instituted a civil rights action in district court based on this incident, alleging that his constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments had been violated by defendants. Mr. Willis denied wearing the jacket to represent gang affiliation. Mr. Willis contended instead that he is a minister of the Universal Life Church, and that the six-pointed stars on his jacket represent the Star of David, a religious symbol. The district court referred the case to a magistrate judge.[2]
 
 
 4
 Defendants raised several affirmative defenses, notably that the six-pointed star is a symbol of gang affiliation, the wearing of which is prohibited by prison rules, and that even if the star has religious significance, the display of identifying symbols is prohibited by rule. Since there were no material facts in dispute, defendants moved for summary judgment. Mr. Willis failed to respond, and on June 6, 1988 the magistrate judge recommended that the district court grant defendants' motion for summary judgment.
 
 
 5
 Mr. Willis was served a copy of the magistrate judge's Report and Recommendation, which included a Notice informing Mr. Willis that failure to file objections to the recommendation within ten days of service would result in waiver of his right to appeal. On June 27, 1988, twenty-one days after the magistrate judge issued the Report and Recommendation, Mr. Willis filed objections. Mr. Willis stated that he had been trying to send his objections to the district court since June 14, 1988, but that corrections officials at the Danville Correctional Center had refused to mail them. Mr. Willis then filed a second civil rights action claiming that Illinois Department of Corrections officials had violated his civil rights by interfering with his legal mail, thus denying him access to the courts. In that action, the district court granted summary judgment for defendants, and we affirmed. Willis v. McGinnis, No. 89-2235 (7th Cir. June 19, 1990). In its order, the district court noted that Mr. Willis had not shown that the letters he attempted to mail were entitled to privileged treatment, since the addressees did not appear to be attorneys or other legal entities.
 
 
 6
 In the present case, the district court adopted the Magistrate's Report and Recommendation, thus granting summary judgment for defendants. After noting that Mr. Willis had failed to file timely objections to the magistrate judge's recommendation, the district court went on to address the merits of Mr. Willis's case, concluding upon its own review that summary judgment for defendants was proper.
 
 
 7
 This court has adopted the rule that failure to object to a magistrate judge's report issued pursuant to 28 U.S.C. § 636(b)(1) waives the right to appeal all issues, both factual and legal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986). See also Thomas v. Arn, 474 U.S. 140, 142, 106 S.Ct. 466, 468 (1985) (upholding the Sixth Circuit's analogous rule).
 
 
 8
 In this case, Mr. Willis was properly served with the magistrate judge's Report and Recommendation and notified that his failure to object within ten days would result in waiver of his right to appeal the district court's final decision. Mr. Willis's contention that his failure to file timely objections was due to the refusal of corrections officials to send out his legal mail was found to be without merit in another civil rights suit. Since Mr. Willis did not file timely objections to the magistrate judge's report, and presents no other argument to excuse this failure, he has waived his right to appeal the district court order.
 
 
 9
 Were we to reach the merits of the underlying case, the result would be the same. Although inmates retain the protection of the First Amendment, including the right to freely exercise their religion, their rights may be limited or withdrawn where necessary to serve valid penological objectives. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404 (1987). Such objectives include rehabilitation of inmates and inmate security. Id.; Pell v. Procunier, 417 U.S. 817, 822-23, 94 S.Ct. 2800, 2804 (1974). "(W)hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." O'Lone, 482 U.S. at 349, 107 S.Ct. at 2404 (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261 (1987)). The Illinois Department of Corrections had determined that the wearing of street gang insignia undermines prison security, and has prohibited their display. The prison is entitled to enforce this regulation, even if it happens to "crimp a prisoner's religious style." Hunafa v. Murphy, 907 F.2d 46, 47 (7th Cir.1990).
 
 
 10
 For the foregoing reasons, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The events leading to this action occurred while Mr. Willis was an inmate of the Menard Correctional Center. Mr. Willis is currently an inmate of the Pontiac Correctional Center
 
 
 [2]
 The district court document referring the matter to a United States magistrate judge cites 28 U.S.C. § 636(c), which requires consent of the parties. However, the procedural requirements for applying 28 U.S.C. § 636(b)(1)(B) to this case were fully complied with by the magistrate judge and the district court