79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roosevelt WILLIAMS, Plaintiff-Appellant,
v.
Charles E. WRIGHT, Michael T. Scott, Gilbert Peter, and
Arthur Dare, Defendants-Appellees.
 No. 95-2862.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.*
Decided March 15, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Roosevelt Williams is a prisoner incarcerated in the Maximum Control Complex ("MCC") in Westville, Indiana. At three disciplinary hearings, the Conduct Adjustment Board ("CAB") found that Williams had destroyed prison property and ordered him--as permitted by Ind.Code § 11-11-5-3(5)--to pay restitution out of his prison trust account. Williams refused to sign a remittance slip withdrawing funds from his account to satisfy the order of restitution. Charles Wright, the superintendent at the MCC, then exercised his authority as trustee over William's account, Ind.Code § 4-24-6-2(a), and signed the remittance slip on William's behalf. Ind.Code § 30-4-3-3(12).
 
 
 2
 Williams filed the present suit under 42 U.S.C. § 1983 against Wright, Michael Scott, Gilbert Peter, and Arthur Dare, claiming that they deprived him of his property without due process of law. (The latter three defendants are prison officials at the MCC who carried out Wright's instructions.) Williams's complaint alleged two grounds to support his claim: first, that the CAB hearings did not give him an opportunity to contest the value of the property he was charged with destroying, and second, that by signing the remittance slips on his behalf ("forging" is how Williams describes it), Wright and the other defendants deprived him of property without due process. The defendants responded to Williams's complaint and later moved for summary judgment.
 
 
 3
 The district court referred the case to the United States Magistrate, who filed a Report and Recommendation ("R & R") on May 15, 1994. The R & R contained a clear statement that either party would waive its right to appeal the district court's order unless it filed an objection to the R & R within ten days of receipt. Neither party filed an objection, and on July 18, 1995, the district court issued a Memorandum and Order adopting the R & R and granting the defendants' motion for summary judgment. This appeal followed.
 
 
 4
 Normally, a party's failure to object to a magistrate's R & R constitutes waiver of its right to appeal. Thomas v. Arn, 474 U.S. 140 (1985); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir.1986). But here, Williams argues that he never received the R & R, and there is some--albeit ambiguous--evidence in the record to support this claim. The rule requiring a party to object to the R & R to preserve its right to appeal is not jurisdictional and may be excused so as not to defeat "the ends of justice," Video Views, 797 F.2d at 540, and thus, we believe the most expedient way to resolve this case is to consider Williams's appeal.
 
 
 5
 On appeal, Williams does not pursue his claim that the CAB failed to offer him the opportunity to contest the value of the property he destroyed; thus, we deem this argument waived. Moreover, the record indicates that Williams refused to appear before the CAB to contest the charges against him in two of the three hearings, and that in the third hearing, Williams argued that the T-shirt he destroyed was an "extra" shirt--an argument the CAB apparently found irrelevant to the charge that he had destroyed it. There is thus no merit to William's claim that he was denied the opportunity to challenge either the existence or the amount of damages he owed to the MCC.
 
 
 6
 Rather, in this appeal, Williams pursues a single argument--that a genuine material issue of fact exists as to whether the defendants "forged" his signature on the remittance slips. There is no such issue here: the defendants admitted in their response to Williams's Request for Admissions that they signed the remittance slips on William's behalf. The only issue for this court to consider, then, is whether the defendants violated Williams's Fourteenth Amendment due process rights by so doing.
 
 
 7
 Williams argues that the Fourteenth Amendment gives him a property interest in his prison trust fund. Again, he is incorrect. State law confers property rights; the Fourteenth Amendment merely prevents states from interfering with those property interests without due process of law. Cornelius v. LaCroix, 838 F.2d 207, 210 (7th Cir.1988) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). So long as the CAB hearings provided Williams with due process, however, the defendants could legitimately take Williams's property over his objections.
 
 
 8
 The due process to which a prisoner is entitled before a prison disciplinary board includes only: (1) advanced written notice of the charges against him, (2) the opportunity to present witnesses and evidence in his defense, (3) a written statement of the evidence and reasons upon which the disciplinary board relied in reaching its decision, and (4) a sufficiently impartial decision-maker. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992) (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)). So long as the CAB followed these procedures--and Williams does not deny that it did--Williams received all the process he was due. Campbell v. Miller, 787 F.2d 217, 223-25 (7th Cir.1986), cert. denied, 479 U.S. 1019 (1986).
 
 
 9
 Nonetheless, Williams claims that by signing the remittance slips on his behalf, the defendant violated his rights, regardless of the propriety of the disciplinary hearings establishing his liability to the prison. There is no merit to this claim--having once given Williams the opportunity to contest both the existence and the amount of his liability to the prison, the defendants could then enforce the order of restitution without further adversarial proceedings. Campbell, 787 F.2d at 224. In the outside world, if a defendant refuses to pay a court judgment entered against him, the court may order the sheriff to seize the defendant's property and sell it to satisfy the judgment. In prison, where the superintendent has power of attorney over a prisoner's trust account, once a disciplinary board has validly concluded that a prisoner must make restitution, the superintendent may simply deduct the funds from the prisoner's account without resorting to a sheriff's sale.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The Appellant filed such a response. After further consideration of the briefs and the record, the court determined that oral argument was not necessary in this case. Accordingly, the appeal is submitted on the briefs and the record