**Paul ODEN, Plaintiff–Appellant,**

v.

**Thomas PAGE, et al., Defendants–Appellees.**

No. 99–2683.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 17, 2001.*

Decided Oct. 31, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

■ Paul Oden and eight other inmates at the Menard Correctional Center brought this § 1983 action alleging that prison officials violated their state law and federal constitutional rights. The district court dismissed the complaint for failure to exhaust administrative remedies, and, because Mr. Oden has waived his right to appeal this finding, we affirm.[1]

After the district court dismissed seven of the ten counts of the plaintiffs' second amended complaint, prison officials filed a 12(b)(6) motion to dismiss the remaining counts for failure to exhaust administrative remedies. A magistrate judge recommended granting the motion after converting it into a motion for summary judgment. The plaintiffs did not object to the magistrate's recommendation, even though the final page of his report warned that "[f]ailure to file such OBJECTIONS shall result in a waiver of the right to appeal from the Order ruling on the Report." R.79

---

1. The district court entered judgment in this case on June 3, 1999, and Mr. Oden timely filed a notice of appeal on July 1. On July 28 the district court attempted to vacate its June 3 judgment and modify its opinion to reflect dismissal without prejudice on an alternate ground. Once Mr. Oden filed his notice of appeal, however, the district court lost jurisdiction to affect its judgment. *See Griggs v.*

*Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *Grube v. Lau Indus. Inc.,* 257 F.3d 723, 731 (7th Cir.2001). The district court's action on July 28 with respect to the June 3 judgment was therefore a nullity without legal significance. *See Kusay v. United States,* 62 F.3d 192, 194 (7th Cir.1995).

As this notice explained, litigants like Mr. Oden who do not timely object to a magistrate's recommendation waive their right to appeal a judgment based upon that recommendation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 n. 13 (7th Cir.2001); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir.1986); *cf. Thomas v. Arn*, 474 U.S. 140, 141, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Requiring litigants to file objections is justified by "sound considerations of judicial economy." *Thomas*, 474 U.S. at 147, 106 S.Ct. 466. Filing objections allows the district court to focus on those issues at the heart of a lawsuit and prevents appellate courts from having to review every issue that came before the magistrate judge. *Id.* at 147–48, 106 S.Ct. 466.

Because the rule requiring objections is not jurisdictional, however, Mr. Oden may avoid it by demonstrating "sufficient cause for failing to object." *United States v. Raymond*, 228 F.3d 804, 810 (7th Cir.2000) (internal quotations and citations omitted), *cert. denied,* —— U.S. ——, 121 S.Ct. 2242, 150 L.Ed.2d 230 (2001); *see Video Views*, 797 F.2d at 540. But Mr. Oden makes no effort to demonstrate why he did not object, waiving his argument once again by neglecting to brief it in this court. *See Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 753 n. 2 (7th Cir.2001). Mr. Oden's *pro se* status, moreover, does not excuse this oversight, particularly given that the final page of the magistrate's report explained in large print the need to file objections within ten days and the consequences of failing to do so. *See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699–700 (7th Cir.1995) ("Although pro se litigants are entitled to some procedural protections, they are in general subject to the same waiver rules that apply to parties who are represented by counsel.") (citation omitted); *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir.1999) (applying the waiver rule to *pro se* litigants provided that they were on notice of the need to file objections). Mr. Oden had ample opportunity to raise his concerns before the district court. He declined to do so and may not reassert them here.

AFFIRMED