Eleanore L. GROSLAND,
Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 04–3270.

United States Court of Appeals,
Seventh Circuit.

Argued March 1, 2005.

Decided March 25, 2005.

Galen W. Pittman, La Crosse, WI, for Plaintiff–Appellant.

Karen L. Sayon, Social Security Administration Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before KANNE, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Eleanore Grosland applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34, claiming she was unable to work because of postpolio syndrome. After unsuccessfully pursuing her administrative remedies, Ms. Grosland petitioned the district court to review the denial of her claim. In district court, Chief Judge Barbara B. Crabb assigned the case, under 28 U.S.C. § 636(b)(1)(B), to Magistrate Judge Stephen L. Crocker, who issued a detailed, 16-page "Report and Recommendation." He recommended affirming an administrative law judge's determination that Grosland could do sedentary work. A copy of Judge Crocker's report and recommendation was sent to Grosland, accompanied by a letter and memorandum explaining the procedure for filing objections to his findings. The memorandum contained a notice, in bold print, warning that a failure to object could be construed as a waiver of the right to appeal to this court. The notice said:

**THE FAILURE OF A PARTY TO OBJECT TO THE MAGISTRATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW MAY CONSTITUTE A WAIVER OF THE PARTY'S RIGHT TO APPEAL TO THE UNITED STATES COURT OF APPEALS.**

Noting the lack of objection, Chief Judge Crabb adopted the recommendation, affirmed the denial of Grosland's appeal for benefits, and entered judgment in favor of the Commissioner of Social Security. Grosland now asks us to reverse the judgment.

Grosland's attorney admits that he received the district court's letter and memorandum, but says he did not believe the warning about waiver applied to Social Security cases. However, we stated in *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir.1986), that, for all cases arising under § 636(b)(1), we were "adopt[ing] the rule that failure to file objections with the district judge waives the right to appeal all issues, both factual

and legal." We have applied the rule in the Social Security context, *see Howell v. Sullivan,* 950 F.2d 343, 347 (7th Cir.1991), and *Cheshier v. Bowen,* 831 F.2d 687, 689 (7th Cir.1987). Grosland does not contend that she can show cause for failing to object, *see Video Views,* 797 F.2d at 540, and her appeal is therefore DISMISSED.