**The PROVIDENT BANK, an Ohio Corporation, Plaintiff–Appellee,**

v.

**MANOR STEEL CORPORATION, an Illinois Corporation, Defendant.**

**Appeal of Howard M. FEATHER.**

**No. 85–1734.**

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1986.

Proceedings Stayed Aug. 12, 1986.

Decided Aug. 15, 1989.*

Robert I. Briskman, Goldstein, Simon, Briskman, Trinley & Lamb, Chicago, Ill., for defendant-appellant.

Janet M. Koran, Hannafan & Handler, Ltd., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Howard M. Feather, the president of defendant Manor Steel Corporation (Manor), appeals from an order of the district court holding him in contempt for violating the prohibitions of a Citation to Discover Assets. That citation was served against Manor in an attempt to satisfy appellee Provident Bank's (Provident's) judgment in the underlying action. The district court referred the case to a magistrate, acting as

---

dents and its payments would have been made as a volunteer.

* Pursuant to Circuit Rule 40(f), this opinion has been circulated among all judges of this court in regular active service. No judge favored a rehearing in banc on the question of whether,

when a matter has been referred to a magistrate as a special master, a party waives its right to appeal if it has not preserved the issues for appeal by first presenting them to the district court as objections to the magistrate's report.

a special master pursuant to the guidelines established in 28 U.S.C. § 636(b)(2) and Rule 53 of the Federal Rules of Civil Procedure, for a hearing on the factual issues supporting the contempt citation. After holding a hearing, the magistrate issued a written report recommending to the district court that Mr. Feather be held in contempt of court. Since Mr. Feather did not file any objections to that report, the district judge adopted the magistrate's recommendation in its entirety. This appeal followed.

Although Mr. Feather has raised issues regarding the conduct of the magistrate's evidentiary hearing and the correctness of her decision, we find that, under the circumstances of this case, we do not need to reach the merits of this appeal. Rather, because Mr. Feather failed to object in a timely fashion to the magistrate's report, we hold that he has waived his right to appeal the district court's judgment. Accordingly, the appeal is dismissed.

## I

On February 7, 1983, the district court entered a judgment against Manor and in favor of Provident for $39,864.13. In an attempt to collect on that judgment, Provident filed with the district court, and served upon the defendant, a Citation to Discover Assets in accordance with Illinois Supreme Court Rule 277. Pursuant to that citation, Manor, and all of its agents, were prohibited from "making or allowing any transfer or other disposition of, or interfering with, any property ... belonging to" Provident. R. 101 at 2. Mr. Feather, Manor's president, admitted receipt of that citation and acknowledged its prohibitions.

On February 16, 1986, Provident filed a motion in the district court seeking to hold Mr. Feather in contempt for violating the prohibitions contained in the citation. Specifically, Provident alleged that Mr. Feather, as president of Manor, transferred funds out of Manor's corporate accounts

and, therefore, made them inaccessible to Manor's judgment creditors. Mr. Feather responded by alleging that all of the transferred funds were drawn from accounts belonging to Manor's profit-sharing plan. Therefore, according to Mr. Feather, he did not interfere with Manor's corporate accounts and, thus, could not be liable for violating the citation's provisions.

■ After reviewing both the motion and Mr. Feather's response, the district court decided that Mr. Feather was entitled to an evidentiary hearing on the question of fact which he raised (*i.e.* were the funds transferred from Manor's corporate accounts or were they transferred from Manor's profit-sharing accounts). The court further determined that "the most expeditious way in which to handle this matter, with the least expenditure of time on the part of the parties and the court, is to refer it to a magistrate for a recommendation." R. 80. Accordingly, an order was entered referring this case to a magistrate to "[s]erve as a Special Master subject to the provisions of 28 U.S.C. § 636(b)(2) and Rule 53, F.R.C.P. ..." R. 81.[1] The magistrate was required to hold an evidentiary hearing on Mr. Feather's question of fact and, thereafter, to file a report and recommendation with the district court within thirty days.

The magistrate held the evidentiary hearing and filed a report and recommendation with the district court on March 7, 1985. In her report, the magistrate found that the transferred funds were drawn from accounts belonging to Manor Steel Corporation, not Manor's profit-sharing plan. Therefore, the magistrate recommended that the district court hold Mr. Feather in contempt and order him to pay personally the $39,864.13 judgment entered in favor of Provident. Furthermore, the magistrate specifically admonished both parties that:

1. We need not consider whether this action constituted an appropriate reference under Rule 53. "'A party who desires to contest the propriety of a reference should move the trial court for revocation of the reference.'" *Hayes v. Foodmaker, Inc.,* 634 F.2d 802, 803 (5th Cir.1981)

(per curiam) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2606 (1971)). Therefore, since the appellant failed to make a timely objection to the referring judge, he has waived any objection which he may have with respect to the section 636(b)(2) reference.

Written objection to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Thomas R. McMillen within ten days after service of this Report and Recommendation. *See* Fed.R.Civ.P. 72(b). *Failure to object may constitute a waiver of objections on appeal.*

R.101 at 4–5 (emphasis added). Despite this very plain warning, Mr. Feather failed to file objections to the magistrate's report.[2] Accordingly, on March 20, 1985, the district court adopted the magistrate's recommendations. Foregoing any attempt at reconsideration in the district court, Mr. Feather filed this appeal.

Oral argument was heard in this appeal on May 27, 1986. On August 12, 1986, while this appeal was *sub judice*, these proceedings were stayed by order of this court because the pendency of bankruptcy proceedings initiated by Mr. Feather activated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. On June 23, 1989, the bankruptcy court permitted the stay to be lifted so that this appeal could be decided.

On appeal, Mr. Feather challenges the district court's judgment by first arguing that the magistrate's evidentiary hearing denied him due process of law. According to Mr. Feather, he was unprepared for the hearing and did not have the assistance of counsel; therefore, he contends that, by conducting the hearing in light of these adverse circumstances, the magistrate denied him a full and fair opportunity to present his case. Second, Mr. Feather contends that, even if the magistrate's eviden-

tiary hearing was adequate, the magistrate assessed an excessive amount of damages. Provident submits responses to both of these arguments. However, it also questions, as a threshold issue, whether the appeal in this case was properly taken. Referring to this court's earlier decision in *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237 (7th Cir.1985), Provident argues that, since Mr. Feather failed to file his objections to the magistrate's report within ten days of its issuance, Mr. Feather has waived his right to appeal. We find this threshold issue dispositive and, therefore, dismiss the appeal.

## II

In *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), the Supreme Court of the United States held "that a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired." *Id.* at 155, 106 S.Ct. at 474. Recognizing that courts of appeals have an inherent supervisory authority that allows them to promulgate waiver rules,[3] the Court justified this particular rule by noting that it "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id.* at 148, 106 S.Ct. at 471. The Supreme Court also noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at the heart of

---

**2.** In his brief and at oral argument in this court, appellant's counsel asserted that Mr. Feather had never received a copy of the magistrate's report and recommendation. However, counsel also admitted that nothing in the record (not even an affidavit by Mr. Feather) supported that statement. Furthermore, this lack of notice was not raised in a motion for reconsideration in the district court. Therefore, we cannot place any weight on counsel's groundless assertion.

**3.** The Supreme Court expressly noted that the waiver rule was not a rule of jurisdiction. Therefore, a court could "excuse the default in the interests of justice," *Thomas v. Arn*, 474 U.S.

140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985) (footnote omitted), and could presumably disregard the waiver if the appellee fails to raise it. *See Garrison v. Heckler*, 765 F.2d 710, 712 n. 2 (7th Cir.1985). We have no occasion to address these issues in this case. Additionally, we voice no opinion concerning whether appellate review is waived if, after neither party has filed an objection to the magistrate's report, the district court nonetheless "elects to exercise its power to review a magistrate's report ... and renders an opinion resolving an issue on the merits." *Thomas*, 474 U.S. at 158, 106 S.Ct. at 476 (Stevens, J., dissenting).

the parties' dispute." *Id.* at 147, 106 S.Ct. at 471 (footnote omitted). In sum, the Court realized that "[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here." *Id.* at 148, 106 S.Ct. at 471 (quoting *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir.) (footnote omitted), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984)).

We recognize that, in *Thomas,* the Supreme Court was discussing the waiver rule in the context of a different portion of the Magistrate's Act, 28 U.S.C. § 636(b)(1). However, we believe that the principles enunciated there apply as well when the reference has been made under 28 U.S.C. § 636(b)(2).[4] That section explicitly provides that the parties have ten days to file objections to the report of the magistrate before the definitive ruling of the district court. Those circuits that have, as a matter of their supervisory authority, formulated a waiver rule when a party has failed to file such objections have regarded the waiver rule as the logical—and practical—method of enforcing the ten-day statutory provision. *See, e.g., Schronce, supra.*

The section at issue here, section 636(b)(2), does not contain an explicit, statutory ten-day period for objecting to the magistrate's report. However, we believe that Judge Flaum, concurring in *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1245 (7th Cir.1985), correctly stated the law when he noted that section 636(b)(2) "actually incorporates such a provision by reference to Rule 53(e)(2)" of the Federal Rules of Civil Procedure. *Id.* at 1246.

The fact that the source of this provision is a federal rule of civil procedure rather than the statute itself should not alter the waiver analysis: either source provides parties with fair warning of their duty to present their objections to the district court, and the structure and history of the 1976 amendments to the Magistrates Act reflect a conscious congressional choice to leave the development of particular procedures to the courts.

*Id.* at 1246–47. Therefore, although *Thomas* does not predicate the exercise of our supervisory authority on the existence of a preexisting opportunity—in statute or rule—to object, we note that such a provision does exist here and it is quite appropriate for us to enforce it through a waiver rule.

■ Accordingly, we hold that when a matter has been referred to a magistrate, acting as a special master pursuant to 28 U.S.C. § 636(b)(2) and Fed.R.Civ.P. 53, a party waives his right to appeal if he has not preserved the issues for appeal by first presenting them to the district court as objections to the magistrate's report.[5] Additionally, through the exercise of our supervisory power, we hold that a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived.

### III

We must next decide whether application of this rule to the present case would create an injustice. We note that, in *Thomas, supra,* the Supreme Court characterized the Sixth Circuit rule as a supervisory rule of procedure partly because of its prospective application. Rules of procedure, the Sixth Circuit had noted, "should promote, not defeat the ends of justice." *United States v. Walters,* 638 F.2d 947, 950 (6th

---

**4.** We expressly left open the question of whether a waiver rule should apply when the case arises under 28 U.S.C. § 636(b)(2) in *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986). In *Video Views,* we held that the failure to file objections to a magistrate's report issued pursuant to 28 U.S.C. § 636(b)(1) constitutes a waiver of all legal and factual issues. *See id.; see also Henderson v. Carlson,* 812 F.2d 874, 877–78 (3d Cir.), *cert. denied,* 484 U.S. 837,

108 S.Ct. 120, 98 L.Ed.2d 79 (1987) (discussing the waiver rules promulgated by various circuits in the § 636(b)(1) context).

**5.** To the extent that this position is inconsistent with the majority opinion in *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237 (7th Cir.1985), we overrule that decision.

Cir.1981). Here, the magistrate explicitly warned the appellant that failure to object to her report "may constitute a waiver of objections on appeal."[6] Under these circumstances, we see no injustice in holding that this appellant may not now argue what he declined to argue before the district court. *See Lockert v. Faulkner*, 843 F.2d 1015, 1018 (7th Cir.1988); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 540 (7th Cir.1986). We need not decide whether, in cases submitted to the district court before today's ruling where the warning was not so explicit, retrospective application of today's rule would be appropriate. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). As the Supreme Court noted in *Thomas*, "because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice." 474 U.S. at 155, 106 S.Ct. at 475 (footnote omitted).

### IV

The appellant failed to give the district court a chance to consider his objections to the magistrate's report. Therefore, he sidestepped an essential link in the judicial chain and rendered nugatory the chance that the district court, at a relatively early stage of this litigation, could have heard his complaints and accordingly modified the magistrate's report. Furthermore, the appellant was specifically warned that his failure to raise objections within the ten-day filing limit could jeopardize his appeal. Given this situation, we hold that the appellant waived his right to appeal to this court by not first raising his objections in the district court. Therefore, since the appellant has not preserved properly any issue

for the consideration of this court, the appeal is dismissed.

APPEAL DISMISSED.

---

**6.** As we previously noted, the magistrate concluded her report by reminding the parties that:

> Written objection to ... the recommendation for disposition of this matter must be filed ... within ten days after service of this Report.... *See* Fed.R.Civ.P. 72(b). Failure to object may constitute a waiver of objections on appeal.

Although the magistrate misunderstood which of the Federal Rules governs this reference (Fed.R.Civ.P. 72(b) does not apply to references under section 636(b)(2)), the substance of her warning was nonetheless correct. We do not believe that this miscitation could have worked to the detriment of the appellant. In any event, he was explicitly told that, if either party failed to object to the report, that party might waive his right to appeal.