925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles FARRELL, Plaintiff-Appellant,
v.
R. O'BANNON, # 582, M. Green, # 51, James H. Thieret and
Michael P. Lane, Defendants-Appellees.
 No. 89-3229.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided Feb. 15, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Charles Farrell initiated a suit under 42 U.S.C. Sec. 1983 alleging several constitutional violations arising while he was incarcerated at the Menard Correctional Center. On appeal, Farrell only challenges the district court's finding that his fourteenth amendment due process rights were not violated in connection with disciplinary actions taken against him. We need not discuss the specific facts of this case as we find that Farrell waived his arguments on appeal.
 
 
 2
 This claim was referred to a magistrate who recommended that the defendant's motion for summary judgment be granted. A notice was attached to the magistrate's report and recommendation advising the parties that they might file written objections to his recommendation. This notice warned: "Failure to file such objections shall result in a waiver of the right to appeal from the order ruling on the Report and Recommendation." (Emphasis in original). Farrell did file an objection to the recommendation. However, his only objection was that the magistrate and the assistant attorney general conspired with regard to the summary judgment motion, presumably prejudicing Farrell. No other objections to the recommendation were raised. The district court reviewed the record de novo and filed a memorandum and order in which it adopted the magistrate's findings, but did not discuss waiver.
 
 
 3
 On appeal, the defendants argue that Farrell has waived his right to appeal the due process claim. This court has held that the failure to object to a magistrate's recommendation waives the right to appeal. See Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir.1989); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir.1986). See also Thomas v. Arn, 474 U.S. 140 (1986). A general objection will not suffice. A litigant waives all grounds for appeal which are not specifically raised in the objections to the magistrate's recommendation. Lockert v. Faulkner, 843 F.2d 1015 (7th Cir.1988). The fact that the district court reviewed the magistrate's finding de novo and wrote a memorandum order does not preclude waiver. Id. at 1019 (citing Thomas, 474 U.S. at 154).
 
 
 4
 In his objections, Farrell only alleged the existence of a conspiracy. He failed to raise any substantive objections to the magistrate's findings. Therefore, he has waived his opportunity to appeal the due process argument that he now brings before this court. Because Farrell has not properly preserved any issues for appeal, this appeal is
 
 
 5
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant-Appellee has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record