928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alan Cleo LARRY, Plaintiff-Appellant,
v.
KENOSHA COUNTY SHERIFF, Defendant-Appellee.
 No. 90-1027.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided March 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 88-C-269, Robert W. Warren, Chief Judge.
 E.D.Wis.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Alan Cleo Larry appeals the grant of summary judgment in this action under 42 U.S.C. Sec. 1983. Larry contends that the defendant illegally extradited him from Arkansas to Wisconsin.
 
 
 2
 A warrant for Larry's arrest was issued in Wisconsin in May 1981. Larry was arrested in Little Rock, Arkansas, in June 1982 and taken to Wisconsin after he waived extradition. Wisconsin dismissed the charges, and Larry returned to Arkansas. A second warrant was issued in September 1982 on the same charges. In February 1983 Larry was again arrested by Little Rock police and extradited to Wisconsin under a governor's warrant. Larry stood trial and was sentenced to 33 years in prison--25 years for kidnapping and 8 for endangering safety.
 
 
 3
 In 1988 Larry filed this suit, alleging that the second extradition occurred under an "illegal warrant." Larry named as defendants the district attorneys and chief law enforcement officers for Kenosha County and Little Rock. The district court held that the district attorneys are immune from suit and that Larry had not alleged any wrongdoing on the part of Little Rock's Chief of Police. The court therefore granted Larry leave to proceed in forma pauperis against the Kenosha County Sheriff alone.
 
 
 4
 The sheriff filed a motion for summary judgment, and the magistrate to whom it was referred agreed that there was no genuine issue of material fact. In an order dated October 13, 1989, the magistrate held that the sheriff was not personally involved in the actions constituting the basis of Larry's suit and that, in any event, the procedures under which Larry was extradited did not violate any of his constitutional rights. As is typical, the magistrate's report included the following notice:
 
 
 5
 [W]ritten objections to the foregoing recommendation must be filed in duplicate with the Clerk of the Court within ten (10) days from the date hereof. Failure to so file will result in a waiver to your right to appeal.
 
 
 6
 On October 24, 1989, Larry filed a motion for an extension of time to file his objections to the report, which the court granted. Instead of filing objections, however, Larry filed a motion on November 16th, asking the court to dismiss the complaint against the sheriff and allow him to file an amended complaint substituting as defendants Kenosha County and its chief executive, and the City of Little Rock and its mayor.
 
 
 7
 The district court, in an order dated November 29, 1989, adopted the magistrate's findings of fact and conclusions of law, noting that Larry had failed to file objections to the report and recommendation. The court went on to deny Larry's motion to file an amended complaint, holding that the complaint failed to raise any additional claims.
 
 
 8
 Larry's notice of appeal is timely,** but he has waived all of the claims he presents to us. Failure to object to a magistrate's report and recommendation waives the right to appeal. See, e.g., Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261-62 (7th Cir.1989); Lockert v. Faulkner, 843 F.2d 1015, 1017 (7th Cir.1988); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986). Larry was informed of the consequences of failing to object to the report, yet he not only failed to file objections but also asked the district court to dismiss the original complaint. This request to dismiss, in addition to his failure to object below, precludes him from raising any challenges to the magistrate's recommendations.
 
 
 9
 The only action of the district court that Larry could have raised on appeal is that court's decision to deny the motion to file an amended complaint. Nowhere in his brief to this court, however, does he mention this action or claim that the district court abused its discretion. Cf. Ross v. United States, 910 F.2d 1422, 1429 (7th Cir.1990). Larry has not properly preserved any issues for appeal and the judgment is, therefore,
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 **
 Although the district court's order was dated November 29th, it was not entered on the docket until November 30th. December 30th was a Saturday, the 31st a Sunday, and January 1st a holiday. The notice of appeal on January 2 is accordingly timely