985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
AMAX, INCORPORATED and Amax Coal Company, a division of
Amax, Incorporated, Plaintiffs-Appellants,
v.
DRESSER INDUSTRIES, INCORPORATED, Marion Power Shovel
Company, Incorporated, a division of Dresser
Industries, Becor Western, Incorporated,
et al., Defendants-Appellees.
 No. 92-2230.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 9, 1992.
Decided Feb. 4, 1993.
 
 1
 Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and BARBARA B. CRABB, Chief District Judge.*
 
 
 2
 Amax sued Dresser Industries and its division, Marion Power Shovel, and Becor Western, Inc. and its subsidiary, Bucyrus-Erie, Inc., for damages arising from the failure of a dragline and drum shaft designed by Dresser, manufactured by Bucyrus-Erie and sold by Dresser to Amax. Two and one-half years into the litigation, Amax stipulated to a dismissal of the action against Dresser. Nine months later, Amax moved the court to vacate the dismissal because of what it claimed was misleading conduct on the part of Dresser. Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court referred the motion to a magistrate judge, who ruled that Amax had failed to show the fraud, mutual mistake or complete failure of consideration that would warrant setting aside the settlement agreement.[1] The district judge overruled Amax's objection to the magistrate judge's order and refused to reinstate the action against Dresser because Amax had failed to show good cause to set the agreement aside: Amax had not shown that Dresser made a material misrepresentation, that Amax had relied reasonably on any of Dresser's representations about the status of discovery, and that Dresser's compliance or lack of compliance with discovery requests was not the basis of the bargain between the parties. The district judge found that the issues that would be raised in an appeal of his order were separate and distinct from any issues that could arise during the trial of the merits of the underlying damage action. Determining that there was no just reason for delay, he directed the entry of final judgment pursuant to Fed.R.Civ.P. 54(b). We have jurisdiction over the appeal. We affirm.
 
 
 3
 In challenging the district court's decision, Amax has an uphill road. The critical determinations are factual ones, to which an appellate court must give deference. The factual findings of the district court may be overturned only if the appellate court finds them clearly erroneous, after viewing all the evidence and drawing all inferences from that evidence in the light most favorable to the appellee. Amax's climb is made still more difficult by its failure to identify any of the findings of fact proposed by the magistrate judge in his entry and order to which it objected. Provident Bank & Manor Steel Corp., 882 F.2d 258, 261 (7th Cir.1989) (litigant waives his right to appeal from district court order adopting report of United States Magistrate Judge if it has not preserved the issues for appeal by first presenting them to the district court as objections to the magistrate judge's report). Although on a § 636(b)(1)(B) reference, the standard of review of a magistrate judge's findings is de novo, the district judge need apply that standard of review only to those factual findings "to which objection has been made." § 636(b)(1)(B).[2]
 
 
 4
 The facts material to this dispute found by the district court include the following, which we summarize:
 
 
 5
 In a motion seeking a ruling on certain pending motions filed nine months before the settlement, Dresser represented that it had responded to Amax's discovery and had "made production in Indianapolis of all materials it has agreed to produce." Amax v. Becor-Western, Inc., No. IP 86-1253-C, slip op. at 6 (S.D.Ind. Apr. 3, 1992). This statement was directed at the discovery that Amax needed in order to respond to Dresser's contract-based motions for summary judgment and to dismiss that had been stayed pending Dresser's compliance with discovery. It was not a representation by Dresser that it had complied fully with all of Amax's discovery requests and specifically with Amax's requests for information related to product liability.
 
 
 6
 In documents filed with the court and in response to the statement by Dresser quoted above, Amax characterized Dresser's production of discoverable materials as "paltry" and "in sum and substance wholly inadequate in response to outstanding discovery served by Amax." Amax added that "Dresser has stonewalled discovery." Id. at 8. In opposition to Dresser's motion to reconsider, Amax described Dresser's motion seeking a ruling on motions as "confirm[ation] that Dresser intends to continue to assert its pending motions to avoid discovery." Id.
 
 
 7
 At the time the parties entered into the settlement agreement the evidence was overwhelming that Dresser had not complied with Amax's discovery requests and that Amax was aware of the lack of compliance and dissatisfied with it. Also, Amax was aware that the undisclosed items were relevant to any negligence claim it might have against Dresser. A reasonable person would have inquired further regarding Dresser's potential negligence, had the person considered the negligence relevant to the settlement agreement. Amax did not consider the negligence a part of the basis of the bargain it entered into with Dresser to dismiss its case against Dresser.
 
 The magistrate judge found that:
 
 8
 Bucyrus-Erie had stated in response to requests for admission that it could not say the one-page specification tendered was the totality of the material specifications; Amax had seen a notation of the six-page specification at issue that should have alerted it to the fact it did not have a critical specification; Amax knew Dresser was having problems responding to discovery because of staff cutbacks; and Amax had not taken depositions of any Dresser employee or engineer or of any Bucyrus-Erie employee or engineer before it agreed to dismiss Dresser.
 
 OPINION
 
 9
 As it did before the magistrate judge and before the district judge, Amax continues to argue that the settlement agreement must be set aside as a sanction for the discovery abuse engaged in by Dresser. Amax fails to understand that the issue is not the wrongfulness of Dresser's conduct, but the relevance of that conduct to Amax's decision to settle the case against Dresser. Amax is entitled to have the settlement agreement set aside if it was the product of fraud or mutual mistake or if circumstances have so changed as to make it unreasonable to enforce the agreement. Whatever "smoking gun" the new information might constitute is irrelevant if (1) Dresser never represented to Amax that it had disclosed everything that might bear on the product liability issues; (2) Amax did not rely reasonably on such a representation; or (3) the new information did not change the circumstances on which the contract was based. The district judge found against Amax on all three issues, making the information irrelevant. The record supports his finding.
 
 
 10
 Amax argues that the district judge and magistrate judge did not understand the full significance of the undisclosed specifications. Amax is incorrect. The district judge emphasized that neither he nor the magistrate judge had failed to appreciate the significance of the information to the potential liability of Dresser. However, neither of them found the point material because Amax did not rely on the completeness of discovery when it made its bargain with Dresser. Amax v. Becor Western, Inc., No. IP-86-1253-C, slip op. at 9-10.
 
 
 11
 Both judges found that Dresser did not misrepresent to Amax the status of its production of relevant discovery. The record supports this finding. Although Dresser made a statement on the record that it had produced all the discovery materials it had agreed to produce, the context in which the statement was made supports the district court's finding that the statement was not equivalent to a representation that Dresser had complied fully with all discovery requests concerning all issues.
 
 
 12
 The record supports the finding that Amax did not rely reasonably on any so-called misrepresentation concerning discovery. The fights over discovery that took place between the parties belie any assertion by Amax that it relied reasonably upon what it understood to be Dresser's representations that discovery was complete. Further bolstering this conclusion is Amax's failure to take any depositions of Dresser and Bucyrus-Erie officials before agreeing to dismiss Dresser.
 
 
 13
 In sum, we conclude that the record supports the determination made by the district court that Amax failed to show why its settlement agreement with Dresser should be vacated and Dresser reinstated as a party. The district court did not abuse its discretion in refusing to vacate the agreement as a sanction for Dresser's alleged violations of its discovery obligations. As the district judge noted, Amax had options available to it had it wanted to seek sanctions against Dresser for discovery abuse. Having not taken advantage of these at a time when it believed that Dresser was "stonewalling," Amax cannot complain when its request for sanctions was denied nine months after it had agreed to Dresser's dismissal.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Barbara B. Crabb, Chief Judge for the Western District of Wisconsin, is sitting by designation
 
 
 [1]
 The magistrate judge's order noted that the reference had been made pursuant to subsection (A) of § 636(b)(1), but the district judge held that the reference was pursuant to (B), both because the issue involved was a dispositive one and because the magistrate judge had treated it that way, holding an evidentiary hearing and submitting proposed findings of fact and recommendations for disposition
 
 
 [2]
 At the evidentiary hearing held by the magistrate judge, Amax submitted no affidavits and called no witnesses. In its appellate briefs, however, it devotes a number of pages to factual assertions about the circumstances under which it agreed to Dresser's dismissal. We have ignored all of these. The task of fact-finding was for the magistrate judge. This court's review is limited to the factual record developed below