993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patricia WIATER, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-1198.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 19, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Patricia Wiater applied for disability benefits under the Supplemental Security Income Program in December 1985. See 42 U.S.C. §§ 1382, 1382(c). The administrative law judge ("ALJ") determined that Wiater was not disabled because she could perform a significant number of light and sedentary jobs in the national economy. The Appeals Council remanded the case to the ALJ for additional findings. The ALJ issued a new decision addressing the Appeals Council's concerns and again found that Wiater was not disabled. The Appeals Council denied Wiater's request for a second review.
 
 
 2
 Wiater then filed a complaint in the district court. Wiater and the Secretary filed cross-motions for summary judgment. A magistrate judge concluded that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. The magistrate judge's report included the following notice:
 
 
 3
 Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Local Rule 13.03 (E.D.Wis.), whereby written objections to the foregoing recommendation may be filed in duplicate with the Clerk of Court within ten (10) days from the date hereof. Failure to file a timely objection shall result in a waiver of your right to appeal.
 
 
 4
 Wiater, who was represented by counsel, filed no objections to the report and recommendation, which was issued on October 2, 1991. On November 25, 1991, the district court adopted the report and recommendation, noting that neither party had filed objections.
 
 
 5
 Wiater's notice of appeal is timely, but she has waived all claims presented to us. Failure to object to the magistrate judge's report and recommendation deprives the district court of the initial opportunity to rule on disputed issues and waives all arguments. Thomas v. Arn, 474 U.S. 140, 155 (1985); Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261-62 (7th Cir.1989); Lockert v. Faulkner, 843 F.2d 1015, 1017 (7th Cir.1988); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986). Wiater was informed of the consequences of failing to object to the report, yet failed to file objections.
 
 
 6
 Wiater asks us to disregard this waiver, contending that her attorney's incompetence at every step of the proceedings resulted in exclusion of helpful evidence and failure to file objections within 10 days. As the Supreme Court recently reiterated, however, an attorney's neglect of deadlines is attributed to the client. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 113 S.Ct. 1489, 1499 (1993). Whatever claims Wiater may have against her counsel, she lacks an justification for not objecting to the magistrate judge's report. Because Wiater has not preserved any arguments for decision, the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record