7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WAGNER, Plaintiff-Appellant,
v.
W. SEELY, K. Mills, and L. George, Defendants-Appellees.
 No. 92-2145.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James E. Wagner appeals from the district court's decision dismissing his Rule 60(b) Motions to Vacate Judgment and his request for Rule 11 sanctions. We review the decision under the abuse of discretion standard and affirm in part and dismiss in part. Soler v. Waite, 989 F.2d 251, 253 (7th Cir.1993).
 
 
 2
 Wagner brought an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against federal prison officials. Defendants were granted summary judgment on July 7, 1989. Wagner filed a Notice of Appeal but dismissed it voluntarily. Wagner v. Seely, No. 89-3050 (7th Cir. November 2, 1989). He then filed two Rule 60 motions that were denied by the district court, appealed to this court and affirmed. Wagner v. Seely, No. 89-2583 (7th Cir. October 2, 1990). Wagner filed another Rule 60 motion on September 27, 1991 and submitted supplemental motions on October 28, 1991 and December 9, 1991. The request for Rule 11 sanctions was discussed exclusively in the motion filed October 28.
 
 
 3
 Wagner sought to introduce new evidence establishing that he did not reside in the cell where a razor blade was found, that the correctional officer failed to record the disposition of the razor blade, that Wagner was not informed of this failure, that the officers did not disclose exculpatory evidence, and that defendant Seely and opposing counsel made false representations to the district court judge.
 
 
 4
 The district court ruled that Wagner's arguments fell under the first three subsections of Rule 60(b) which enumerate specific grounds for relief such as mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; and fraud, misrepresentation or other misconduct of any adverse party. Such motions must be filed within one year after the order is entered. Although Wagner asserts that he is entitled to equitable relief under Rule 60(b)(6), the catch-all provision, this remedy is only available when the petitioner's claim is not specifically enumerated in clauses (b)(1) through (b)(5). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988). Because we find that the district court judge's classification of Wagner's claims under (b)(1) through (b)(3) is reasonable, we agree that Wagner is subject to the one year filing limitation. Consequently, we affirm the district court's dismissal of Wagner's Rule 60 motions as untimely since they were filed two years after the final judgment was issued.
 
 
 5
 Although Wagner's request for Rule 11 sanctions was also dismissed for untimeliness as part of the Rule 60 motion, the appellees urge this court to affirm the decision on the ground that Wagner waived his right to appeal when he failed to object to the magistrate judge's report and recommendation on this issue.
 
 
 6
 Under 28 U.S.C. § 636(b)(1)(C), a party has ten days after being served a copy of the magistrate judge's report to file objections. Failure to object in whole or in part to the magistrate judge's report waives the right to raise those issues on appeal. Lockert v. Faulkner, 843 F.2d 1015, 1017-18 (7th Cir.1988); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986); see also Thomas v. Arn, 474 U.S. 140, 148-55 (1985) (upholding Sixth Circuit rule that waives appellate review upon failure to object in district court to the magistrate judge's report). The purpose of filing objections is to focus the district court on the factual and legal issues in dispute. Lockert, 843 F.2d at 1018. Without a waiver rule, courts of appeals would decide issues that were never addressed de novo in the district courts. Id.; Thomas, 474 U.S. at 150.
 
 
 7
 In this case, although the magistrate judge's report does not specifically address the Rule 11 issue, it does recommend that all of Wagner's claims be dismissed for untimeliness, including the motion requesting sanctions filed on October 28, 1991. Wagner, however, objected solely on the basis of the timeliness of the Rule 60(b) motions and did not dispute the magistrate judge's recommendation for disposition of the October 28 motion requesting sanctions. Consequently, Wagner has waived his right to appeal the dismissal of the Rule 11 sanctions.
 
 
 8
 Next, because the waiver rule is a nonjurisdictional issue, we must decide whether this court should "excuse the [procedural] default in the interests of justice." Thomas, 474 U.S. at 155; Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261-62 (7th Cir.1989). In Provident Bank, we noted that enforcement of the waiver rule would not create an injustice since the magistrate judge explicitly warned the appellant that failure to object may constitute a waiver for the purposes of appellate review. 882 F.2d at 262. In the instant case, the record shows that Wagner received a written notice informing him that failure to object to the magistrate judge's report would result in a waiver of the right to appeal. Furthermore, Wagner's submission of objections to the Rule 60 issue suggests that he considered it to be his primary contention and that he chose to abandon his request for Rule 11 sanctions. Thus, we conclude that application of the waiver rule would not be unjust, and we dismiss Wagner's appeal of the Rule 11 issue for failure to preserve it properly for appeal.
 
 
 9
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record