61 F.3d 907
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles King YOUNG, Petitioner/Appellant,
v.
George C. WELBORN and Attorney General of the State of
Illinois, Respondents/Appellees.
 No. 93-4072.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 25, 1995.
 
 Before POSNER, Chief Judge, and PELL and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Charles King Young appeals the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Young was convicted by a jury of rape, deviate sexual assault, aggravated kidnapping, attempted murder and four counts of armed robbery. He was sentenced to 110 years of imprisonment. On direct appeal, Young argued that the extended term statute in Illinois was unconstitutional and improperly applied to him, and he also challenged the application of the consecutive term statute. The appellate court found that Young had waived his constitutional claim and that the other issues did not have merit. Leave to appeal to the Illinois Supreme Court was denied.
 
 
 3
 Young then filed a petition for post-conviction relief. The trial court denied the petition and the appellate court affirmed. Young did not appeal the denial to the Illinois Supreme Court. Instead, he petitioned the Illinois Supreme Court for a writ of habeas corpus, but leave to appeal was denied. Thereafter he filed a second post-conviction petition. The appellate court modified Young's sentence for aggravated kidnapping.
 
 
 4
 Young petitioned for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in federal court. The district court referred the matter to the magistrate judge, who entered a report recommending that Young's petition be denied. Under 28 U.S.C. Sec. 636(b)(1)(C), a party has ten days after being served a copy of the magistrate judge's report to file objections. Failure to object in whole or in part to the magistrate judge's report waives the right to raise those issues on appeal. Thomas v. Arn, 474 U.S. 140, 148-55 (1985); Lockert v. Faulkner, 843 F.2d 1015, 1017-18 (7th Cir.1988); Video Views, Inc. v. Studio 21, Ltd., 798 F.2d 538, 539 (7th Cir.1986).
 
 
 5
 Young objected to only one aspect of the magistrate judge's report. He argued that the magistrate judge erred in concluding that he had procedurally defaulted his claim that mug shots were improperly admitted into evidence in violation of his right to remain silent and his right to due process. Young claims that he was prejudiced when his prison identification card was introduced and viewed by the jury, highlighting his decision not to testify on his own behalf.
 
 
 6
 Young's motion in limine to prohibit the introduction of the photo was denied by the trial court. This issue was not raised on direct appeal, but was raised in his post-conviction proceeding. Young did not appeal this issue to the appellate court and never raised the issue to the Illinois Supreme Court in his appeal for post-conviction relief. Although Young raised the issue in his petition for habeas corpus relief to the Illinois Supreme Court, the district court determined that Young failed to exhaust his claim because he bypassed the lower Illinois courts. By failing to raise it on direct appeal, or pursue it in his post-conviction appeal, we conclude that Young has procedurally defaulted this claim. Because he cannot demonstrate cause for or prejudice from this default, the claim is barred. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991) (issues waived under state law may be resurrected in federal court by a showing of cause for and prejudice from the default, or a fundamental miscarriage of justice).
 
 
 7
 Young has waived the other issues he raises on appeal[1] because he did not file objections to the magistrate judge's report. Thomas, 474 U.S. at 148; Video Views, 798 F.2d at 539. However, because the waiver rule is nonjurisdictional, we must decide whether this court should "excuse the [procedural] default in the interests of justice." Thomas, 474 U.S. at 155; Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261-62 (7th Cir.1989). We conclude that the interests of justice do not mandate excusing his waiver.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Young also argues on appeal that: he was denied a prompt preliminary hearing; the trial court improperly denied his motion to change venue; the Illinois Extended Term Statute was unconstitutionally vague and improperly applied to his case; and that his sentence was excessive