114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray Shawn WALLACE, Defendant-Appellant.
 No. 96-1005.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.
Decided May 20, 1997.
 
 Before CUMMINGS, RIPPLE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This case is before the court on the motion of Ray Shawn Wallace's attorney to withdraw as counsel. See Circuit Rule 51(a); Anders v. California, 386 U.S. 738 (1967). The attorney has properly filed a brief outlining the basis for his belief that an appeal would be frivolous, and Wallace has filed a response offering his reasons for believing that an appeal would have merit. For the reasons stated below, we grant the motion to withdraw and dismiss the appeal.
 
 
 2
 On June 24, 1994, Wallace pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). Almost a year later, on June 20, 1995, he filed a verified motion to withdraw his guilty plea, claiming that at the time of the plea "he was in a distressed state of mind due to the upcoming trial and the possibility that he might receive a life sentence if convicted of his charges." This meant, he argued, that his plea was not knowing and voluntary; he also attempted to argue that he was not guilty of the charges in the indictment. At a hearing on the motion before a magistrate judge, Wallace admitted that the trial court had explained the consequences of pleading guilty to him and that he had told the court he understood his rights and was pleading guilty because he was in fact guilty. He asserted, however, that he was not telling the truth at the time.
 
 
 3
 The attorney who had represented Wallace prior to and at the initial change of plea hearing, Mark S. Lenyo (who subsequently withdrew as counsel), testified for the government at the plea withdrawal hearing. Lenyo reported that he reviewed the plea agreement in person with Wallace on June 15, 1994, and that Wallace then told him he did not wish to accept the agreement. The next week, however, Wallace learned that his brother had decided to plead guilty to similar charges. This information caused Wallace to change his mind and to accept the plea agreement. Lenyo also testified that he had answered in the affirmative when the judge asked him whether he believed that Wallace understood the consequences of pleading guilty and was doing so voluntarily, noting that this was still his opinion. The magistrate judge, in a report to which Wallace filed no objections, recommended the denial of Wallace's motion. The district court accepted the report and recommendation and denied the motion.
 
 
 4
 Because Wallace did not object to the magistrate judge's report, he has forfeited his right to appeal the district court's adoption of the recommendations therein. See 28 U.S.C. § 636(b)(1); Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261 (7th Cir.1991). Furthermore, our review of the change of plea hearing indicates that the court properly followed Fed.R.Crim.P. 11, and thus that there is no basis under that Rule that would permit Wallace to withdraw his plea. Finally, in the Anders brief Wallace's new attorney has presented the possible argument that the district court erred in enhancing Wallace's offense level for obstruction of justice under U.S.S.G. § 3C1.1 on the ground that he committed perjury during his attempt to withdraw his guilty plea. However, this conclusion was a finding of fact that an appellate court may overturn only if it was clearly erroneous. See 18 U.S.C. § 3742(e). Nothing in the hearing on Wallace's motion to withdraw the guilty plea other than his own self-serving statements indicates that his responses at the initial hearing were not voluntarily given and truthful. The sentencing judge therefore did not abuse his discretion in concluding that Wallace committed perjury when he claimed that his guilty plea was made under duress and that he was innocent of the crime. We agree with counsel that any appeal on this issue would be frivolous. Wallace himself also seems to argue that the district court erred in computing the amount of cocaine that was attributable to him for sentencing purposes. Again, he has forfeited this claim, because he failed to object to the amount at the sentencing hearing. See United States v. Garcia, 69 F.3d 810, 820 (7th Cir.1995). Furthermore, he affirmatively stated that he had reviewed the presentence report with his lawyer and had understood it.
 
 
 5
 Finding no non-frivolous issues for appeal, we hereby grant counsel's motion to withdraw and DISMISS the appeal.
 
 
 6
 RIPPLE, Circuit Judge, dissenting.
 
 
 7
 Because I believe the appellant has a non-frivolous argument that the sentence enhancement for obstruction of justice was inappropriate under the circumstances of this case, I would appoint new counsel for the appellant and permit this case to proceed to an adjudication on the merits.