**Soua V. KHANG, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,
Defendant–Appellee.**

No. 01–2970.

United States Court of Appeals,
Federal Circuit.

Argued March 6, 2002.

Decided April 25, 2002.

Before POSNER, EVANS, and
WILLIAMS, Circuit Judges.

ORDER

An administrative law judge awarded Soua Khang supplemental security income disability benefits under 42 U.S.C. §§ 1381a and 1382(a)(3)(A), finding that her ulcer was severe enough to prevent her from working. The Appeals Council, however, disagreed and denied benefits. Khang, represented by counsel, then filed a complaint in federal district court pursuant to 42 U.S.C. § 405(g). A magistrate judge recommended that the district court affirm the Appeals Council's decision because it was supported by substantial evidence. The district court, noting that Khang had not filed any objections to the magistrate judge's report, adopted the report and recommendation and affirmed the Appeals Council's decision. Khang now wishes to appeal the district court's judgment.

The Commissioner argues that by failing to object to the magistrate judge's report in the district court, Khang has waived her right to appeal. We agree. A party's failure to object to a magistrate judge's report issued pursuant to 28 U.S.C. § 636(b)(1) waives the right to appeal all factual and legal issues. *Thomas v. Arn,* 474 U.S. 140, 142, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986); *see also Howell v. Sullivan,* 950 F.2d 343, 347 (7th Cir.1991) (applying this waiver rule in a social security disability benefits case). This court will enforce that rule as long as

the litigant is informed of the consequences of failing to make a timely objection. *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 261–62 (7th Cir.1989). Here, the clerk mailed the magistrate judge's report to Khang's counsel along with a letter specifically warning that Khang had 10 days after service of the report to file objections, and a notice stating that failure to do so "may constitute a waiver of [her] right to appeal to the United States Court of Appeals." Nonetheless, Khang filed no objections to the report. She therefore has waived appellate review unless she can demonstrate "sufficient cause" for failing to do so. *See United States v. Raymond*, 228 F.3d 804, 810 (7th Cir.2000).

Counsel's only explanation for failing to file objections is that, in his opinion, objecting would have been futile. But litigants may not simply bypass the district court because they think they will be unsuccessful. The reason that we require objections to be filed under § 636(b)(1) is to give the district court the first opportunity to consider them and modify the magistrate judge's report accordingly-*Thomas*, 474 U.S. at 147–48, 106 S.Ct. 466; *Provident*, 882 F.2d at 262. Because counsel failed to do so and has provided no legitimate reason excusing this failure, Khang may not now appeal to this court. Although we are sympathetic to Khang's plight, in civil litigation "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Kagan v. Caterpiller Tractor Co.*, 795 F.2d 601, 611 (7th Cir.1986) (citation omitted); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Thus, Khang's recourse at this point would be to seek malpractice damages from her attorney. To hold otherwise under these circumstances would eviscerate our rule requiring that litigants first file their objections with the district court before they may seek appellate review.

AFFIRMED